## COMMONWEALTH *vs.* CRITON G. HASKINS & another.

Hampshire. Sept. 16, 1879. — Jan. 12, 1880. AMES & ENDICOTT, JJ., absent.

Upon the trial of an indictment charging the defendant in one count with the larceny of a chattel, and in another count with receiving the same chattel, knowing it to have been stolen, a verdict of guilty on both counts is inconsistent in law, and no judgment can be rendered upon it; and the subsequent entry of a *nolle prosequi* of the second count does not cure the defect.

INDICTMENT charging the defendants in one count with the larceny of a cow, and in the other with receiving the same cow, knowing the same to have been stolen.

At the trial in the Superior Court, before *Allen*, J., there was evidence tending to show that a cow was stolen, and that, soon after the larceny, the cow was in possession of the defendants. The government went to the jury upon both counts, and the judge gave instructions to the jury upon the law with reference to the offences charged in both counts, to which no objection or exception was taken, and especially instructed the jury that there was no evidence in the case to authorize a verdict of guilty on the second count.

The jury returned a verdict of guilty against both defendants upon both counts; and this verdict was taken and affirmed by the court in the usual way against both defendants. Upon the rendering of the verdict the defendants filed a motion in arrest of judgment, on the ground that the verdict was inconsistent and void in law, and no judgment could be legally rendered upon it.

The district attorney thereupon moved for leave to enter a *nolle prosequi* as to the second count. The judge, against the defendants' objection, allowed this to be done; and overruled the motion in arrest of judgment. The defendants alleged exceptions.

No counsel appeared for the defendants.

*G. Marston*, Attorney General, for the Commonwealth.

LORD, J. There is in this case no question affecting the power of the district attorney to enter a *nolle prosequi;* such an entry affects only the proceedings subsequent to it, but the record of what is antecedent to it remains.

By that record it appears that there had been the larceny of a cow, and but one larceny of that cow. The defendants were charged in one count of the indictment with such larceny, and in the second count with having received her knowing her to have been thus stolen. It is certain that the defendants could not be guilty upon both counts, because in law the guilty receiver of stolen goods cannot himself be the thief; nor can the thief be guilty of a crime of receiving stolen goods which he himself had stolen.

The presiding judge, as the record shows, instructed the jury that there was no evidence upon which they could convict upon the second count. Still, however, without directing a verdict of acquittal upon the second count, he submitted to the determination of the jury the question of the defendants' guilt upon that count. The fact that the verdict which they rendered was inconsistent with the views of the presiding judge does not invalidate it as a verdict after it had been recorded and affirmed. The record, therefore, notwithstanding the entry of the *nolle prosequi* shows that the defendants had been convicted by the jury upon both counts; and although, as a legal effect of a conviction upon each count it cannot be said strictly that it is an acquittal upon the other, yet the finding of guilty upon both is inconsistent in law, and is conclusive of a mistrial. It would have been quite proper, before the record and affirmation of the verdict, for the presiding judge to have called the attention of the jury to their misunderstanding of his previous instructions, and to have explained to them the mode by which it became their duty, if they convicted upon either of the counts, to acquit

upon the other, and to have required of them to retire for further deliberation; if, after such instructions, the jury persisted in returning a general verdict of guilty upon both counts, it would have been proper in the presiding judge, if not his duty, to set aside the verdict as the only means of securing to the defendants their rights.    After the affirmation of the verdict, when there was no means of knowing of record upon which count the jury intended to convict, as there was no right in them to convict upon both, to assume that the error is corrected by a *nolle prosequi* of either count by the district attorney, is to permit the district attorney to determine, instead of the jury, upon which count the defendants were guilty.    But the *nolle prosequi* corrects no error, and has no effect upon the record as it stood prior to its entry.    The record showed a verdict so inconsistent with itself, and so uncertain in law, that no judgment could be entered upon it.    The *nolle prosequi* does not change that record, nor make the verdict which the jury rendered any less inconsistent with itself, nor any more certain in law than it was before such entry.

If, upon such a verdict, it is competent for the district attorney to elect not to prosecute one count and take judgment upon the other, it is of course at his own option to say which he will no further prosecute; and so it is necessarily the district attorney, and not the jury, who determines of what offence the defendant has been guilty.    Inasmuch, therefore, as no judgment could properly be entered upon the verdict before the *nolle prosequi*, it is equally clear that the *nolle prosequi* works no such change in the record as to authorize a judgment upon the ver- **dict.**                                    *Exceptions sustained.*