COMMONWEALTH *vs.* ALAN B. OBSHATKIN.

Bristol.   January 5, 1974. — February 28, 1974.

Present: HALE, C.J., ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Evidence,* Circumstantial.   *Receiving Stolen Goods.   Jurisdiction,* Receiving stolen goods.

Evidence in a criminal case that a fellow employee of the defendant expressed an interest in purchasing two bicycles from him, that the next morning there was a report of a theft of two bicycles in Taunton, Massachusetts, where the defendant lived, that that evening the defendant delivered the two stolen bicycles to the fellow employee in nearby Warwick, Rhode Island, and that the defendant insisted upon payment for the bicycles in cash rather than by check warranted a conviction of the defendant of receiving stolen goods in Taunton, knowing them to have been stolen, even if the evidence equally supported a finding that he was the thief.   [2-5]

COMPLAINT received and sworn to in the First District Court of Bristol on October 20, 1972.

On appeal to the Superior Court, the case was tried before *Leen, J.*

*Anthony R. Mastromarino* for the defendant.

*Louis J. Ostric,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.  The defendant was tried, convicted, and sentenced in the Superior Court in Bristol County on a complaint under G. L. c. 266, § 60, charging him with receiving stolen goods in Bristol County.  His bill of exceptions alleges error in the denial of his motion for a directed verdict.  The defendant contends that the motion should have been allowed because (1) the evidence was insufficient to warrant a finding of guilty, (2) the Commonwealth failed to prove that the defendant knew that the goods were stolen, and (3) the Commonwealth failed to prove that the crime was committed in Massachusetts.

From the evidence the jury could have found that on September 5, 1972, one DeAngelis approached the defendant at their place of employment in Warwick, Rhode Island, and expressed an interest in purchasing from him two particular types of bicycles.  DeAngelis testified that the defendant had told him that his name was Allan C. Winston and that he (DeAngelis) was aware that the defendant had sold bicycles to fellow employees.  Early the next morning one Covington reported the theft of two bicycles from his residence in Taunton.  That evening the defendant delivered the two stolen bicycles to DeAngelis at Warwick.  They were of the type previously described by Covington.  A total price of $35 was agreed upon, and DeAngelis offered to pay the defendant by check. The defendant declined to accept payment by that means and insisted upon cash.  DeAngelis took the bicycles home with him.  The next day he paid the defendant $20, and the day after that he paid the balance of $15.

Our opinion is that the evidence, although circumstantial, was sufficient to permit the case to go to the jury.  "The jury may find a crime proved beyond a reasonable doubt even though the inferences from the facts established are not unescapable or necessary; 'it is enough if they are not too remote according to the usual course of events, and if all the circumstances including inferences are of sufficient force to bring minds of

ordinary intelligence and sagacity to the persuasion of . . . [criminal guilt] beyond a reasonable doubt.' *Commonwealth* v. *Cooper,* 264 Mass. 368, 373." *Commonwealth* v. *O'Brien,* 305 Mass. 393, 400-401 (1940), quoting *Commonwealth* v. *Alba,* 271 Mass. 333, 337 (1930).

It is settled that possession of recently stolen property puts the burden of explanation on one charged with receiving stolen goods, knowing them to have been stolen. *Commonwealth* v. *Kelley,* 333 Mass. 191, 193-194 (1955). *Commonwealth* v. *Ryan,* 355 Mass. 768, 773 (1969). Wigmore on Evidence (3d ed.) § 152. Here the defendant offered no testimony at all on that point. Guilty knowledge can be proved by circumstantial evidence. See *Commonwealth* v. *Boris,* 317 Mass. 309, 314-315 (1944). "Although there was no direct testimony that the defendant had knowledge that the property was stolen, it was nevertheless a question of fact for the jury to decide upon all the evidence, including the defendant's possession of the stolen property and the inferences to be drawn from this circumstance, whether the defendant received the goods, knowing them to be stolen." *Commonwealth* v. *Peopcik,* 251 Mass. 369, 371 (1925).

Similarly, while there was no direct testimony in the instant case that the defendant actually received the stolen property within the Commonwealth, the jury could have found from the evidence that the defendant lived in Taunton, that the goods were stolen in Taunton, and that the defendant possessed the goods in nearby Warwick shortly thereafter. From those circumstances the jury were warranted in inferring that the receipt did take place in Massachusetts. While it is true that "possession out of the Commonwealth of goods stolen in the Commonwealth would not *of itself* warrant a conviction for receiving them . . . here" (*Commonwealth* v. *Phelps,* 192 Mass. 591, 593-594 [1906]; emphasis supplied), we think that there was sufficient additional evidence presented here to warrant the defendant's conviction.

This is not a case in which the crime, or part of the crime, was shown to have been initiated beyond the boundaries of the Commonwealth (see, e.g., *Commonwealth* v. *Macloon*, 101 Mass. 1 [1869]; *Commonwealth* v. *Lanoue*, 326 Mass. 559 [1950]; *Commonwealth* v. *Carroll*, 360 Mass. 580 [1971]) but, rather, a case in which certain links in the chain of circumstantial evidence tending to prove the commission of a crime within the Commonwealth were discovered elsewhere.

The defendant also contends that the evidence adduced in this case tends equally to support the propositions that he was the thief and that he was the receiver. See *Commonwealth* v. *Ross*, 339 Mass. 428, 431 (1959). He argues that he should therefore be acquitted because this is a case in which "the evidence tends equally to sustain either of two inconsistent propositions, [and thus] neither of them can be said to have been established by legitimate proof." *Commonwealth* v. *Carter*, 306 Mass. 141, 147 (1940). Assuming *arguendo* (although the defendant in this case was charged only with receiving stolen goods) that the evidence does support both propositions equally, we think the defendant has misconstrued the quotation cited. While it is true that one cannot be convicted both of theft and receipt of the same goods (*Commonwealth* v. *Haskins*, 128 Mass. 60, 61 [1880]), and thus that findings of guilt of both offenses are properly termed "inconsistent" (*Wingersky* v. *E. E. Gray Co.* 254 Mass. 198, 200 [1926]), it is nonetheless clear that the "inconsistency" referred to in the *Carter* case, *supra*, is that between the accused's guilt or innocence of any criminal involvement in the activities alleged. *Commonwealth* v. *O'Brien*, 305 Mass. 393, 399-401 (1940). *Commonwealth* v. *Carter*, *supra*. *Commonwealth* v. *Altenhaus*, 317 Mass. 270, 273-274 (1944). *Commonwealth* v. *Shea*, 324 Mass. 710, 713 (1949). The *Carter* rule does not apply in situations in which the evidence may tend equally to show that the accused committed either of two distinct crimes. Such situations call for clear and precise

instructions to the jury rather than for the direction of a verdict for the defendant.

In the case at bar the jury could properly infer from the testimony that the defendant received the goods in Taunton, knowing them to have been stolen.

*Exceptions overruled.*