COMMONWEALTH *vs.* MICHAEL B. McCANN. September 21, 1983. *Larceny. Receiving Stolen Goods.*

The appeal is from convictions on indictments framed under G. L. c. 266, §§ 30 and 60. 1. There was sufficient other evidence from which the jury could have inferred that the witness Hartley was biased against the defendant that the exclusion of the argumentative and foundationless question to that witness as to whether he "would like to make $4,000 on this" does not require a new trial. We note the impropriety of defense counsel's asking in the presence of the jury a question which he knew would be excluded. 2. The motion under Mass.R.Crim.P. 25(a), 378 Mass. 896 (1979), which was addressed to indictment No. 74322 at the close of the Commonwealth's case (see *Commonwealth* v. *Kelley,* 370 Mass. 147, 150 [1976]) was properly denied because the evidence at that time was sufficient to warrant a rational jury (*Commonwealth* v. *Lati-*

*more,* 378 Mass. 671, 677-678 [1979]) in concluding beyond a reasonable doubt that the defendant was guilty of the offence charged in that indictment. In particular, the defendant's unexplained possession of items stolen earlier the same day warranted an inference that he knew they were stolen. *Commonwealth* v. *Taylor,* 10 Mass. App. Ct. 452, 458 & n.8 (1980). *Commonwealth* v. *Burns,* 13 Mass. App. Ct. 1011, 1012 (1982), reversed on another ground, 388 Mass. 178 (1983). *Commonwealth* v. *Porter,* 15 Mass. App. Ct. 331, 333 (1983). 3. For reasons akin to those articulated in *Loschi* v. *Massachusetts Port Authy.,* 361 Mass. 714, 716 (1972), it was open to the jury to conclude that the aggregate value of the items referred to in each indictment was more than one hundred dollars. See also *Commonwealth* v. *Woods,* 382 Mass. 1, 9 n.11 (1980). 4. No objection was taken below to the instructions to the jury on how those values could be determined. See Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979); *Commonwealth* v. *Cartagena,* 386 Mass. 285, 289-290 (1982); *Commonwealth* v. *O'Dell,* 15 Mass. App. Ct. 257, 260 (1983). 5. As the defendant introduced in the course of his case ample evidence from which the jury could have found that he had been the thief rather than the receiver of the items referred to in indictment No. 74322, it was error (a) to refuse to instruct the jury that they must acquit on that indictment if they should find that it was the defendant who had stolen those items and (b) to leave the jury with the impression that it made no difference who had stolen them. *Commonwealth* v. *Haskins,* 128 Mass. 60, 61 (1880). 6. The judgment on indictment No. 74321 is affirmed; the judgment on indictment No. 74322 is reversed, and the verdict on that indictment is set aside.

*So ordered.*

*Patricia A. O'Neill* for the defendant.

*Robert S. Sinsheimer,* Assistant District Attorney, for the Commonwealth.