COMMONWEALTH *vs.* WILLIAM M. DELLAMANO.

Plymouth.  May 8, 1984. — October 11, 1984.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Indictment, Verdict. *Motor Vehicle,* Theft, Receiving stolen motor vehicle. *Receiving Stolen Goods. Words,* "Reason to know."

Where the record of the trial of an indictment under G. L. c. 266, § 28 (*a*), indicated that the defendant had been convicted of larceny of a motor vehicle, rather than of receiving it, knowing "or having good reason to know" it was stolen, this court was not required to consider the defendant's contention that the judge erred in deleting the quoted words from the indictment and in instructing the jury that the Commonwealth must prove actual knowledge. [135-136]

In construing a provision of G. L. c. 266, § 28 (*a*), as appearing in St. 1980, c. 463, § 4, which makes criminal the conduct of one who receives a motor vehicle "having reason to know the same to have been stolen," this court expressed the view that the quoted words merely codified prior decisional law permitting the trier of fact to infer knowledge from circumstantial evidence, and did not dispense with the requirement of subjective knowledge or belief that a vehicle has been stolen. [136-139]

Since the words "reason to know," as used in G. L. c. 266, § 28 (*a*), can be read as referring exclusively to subjective knowledge or belief that a motor vehicle has been stolen, this court was of the view that the statute does not infringe the due process guaranties of either the State or the Federal Constitution. [139-140]

INDICTMENT found and returned in the Superior Court Department on June 23, 1981.

A motion to dismiss was heard by *William G. Young,* J., and the case was tried before him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Robert I. Warner* for the defendant.

*Robert S. Sinsheimer,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant was indicted for larceny or receiving a stolen motor vehicle, see G. L. c. 266, § 28 (*a*), and for defacing a motor vehicle identification number, see G. L. c. 266, § 139.[1] The indictment on which this appeal focuses was returned by the grand jury under a statute criminalizing the conduct of "[w]hoever steals, buys, receives, possesses, conceals, or obtains control of a motor vehicle . . . knowing or having reason to know the same to have been stolen . . . ." G. L. c. 266, § 28 (*a*), as amended by St. 1980, c. 463, § 4. The indictment paralleled the statutory language, differing only in that it charged the defendant with "knowing or having *good* reason to know the same to have been stolen" (emphasis supplied).

Prior to trial, the defendant filed a motion to dismiss this indictment because it permitted conviction of a felony and a possible ten-year maximum sentence to State prison without requiring criminal intent. At the hearing on the motion the Commonwealth's position as paraphrased by the judge was that the words "having good reason to know" did "no more than point out that the Commonwealth can, by circumstantial evidence . . . bear its burden beyond a reasonable doubt as to what this defendant actually knew." The judge agreed with the Commonwealth and ruled that he would instruct the jurors that the Commonwealth had to prove actual knowledge.[2] The defendant was convicted. He appealed to the Appeals Court alleging that the judge erred in denying his motion and acted improperly in charging actual knowledge without the grand jury's first making the determination that he had actual knowledge. See *Jones* v. *Robbins,* 8 Gray 329, 344 (1857); *Commonwealth* v. *Holley,* 3 Gray 458 (1855).

The Appeals Court concluded that the judge acted properly in instructing the jurors, that the Commonwealth had to prove actual knowledge, and that the amendment of the indictment did not broaden the charges but merely "restricted the Commonwealth in its proof, to the advantage of the defendant." See

[1] The defendant does not argue any error in this conviction.

[2] Moreover, the judge did not send the indictment with the offending language to the jury.

*Commonwealth* v. *Dellamano,* 17 Mass. App. Ct. 156, 159 (1983), quoting *Commonwealth* v. *DiStasio,* 294 Mass. 273, 278 (1936), cert. denied, 302 U.S. 683 (1937). We granted the defendant's request for further appellate review. We affirm because the record reveals that the defendant was convicted of larceny,[3] and therefore the two issues raised by the defendant are irrelevant to the validity of his convictions.

The indictment charged the defendant with either stealing the motor vehicle or receiving it, knowing or having good reason to know it was a stolen motor vehicle. The two crimes are distinct. "[I]n law the guilty receiver of stolen goods cannot himself be the thief; nor can the thief be guilty of a crime of receiving stolen goods which he himself had stolen." *Commonwealth* v. *Haskins,* 128 Mass. 60, 61 (1880). See *Milanovich* v. *United States,* 365 U.S. 551 (1961); *Fuller* v. *United States,* 407 F.2d 1199, 1223 (D.C. Cir. 1968), cert. denied, 393 U.S. 1120 (1969).[4]

In a separate indictment, the defendant was charged with altering a motor vehicle identification number in violation of G. L. c. 266, § 139 (*a*). With respect to that indictment, the

---

[3] Larceny is the taking of personal property with intent to deprive the owner permanently of its use. *Commonwealth* v. *Johnson,* 379 Mass. 177, 181 (1979). See G. L. c. 266, § 30.

[4] Although a defendant may not be convicted both of stealing a motor vehicle and receiving that stolen vehicle, a grand jury is not necessarily precluded from finding probable cause to indict for both crimes. Because the crimes are distinct, however, and because "[a] grand jury finding of probable cause is necessary if indictments are to fulfil their traditional function as an effective protection 'against unfounded criminal prosecutions,'" *Commonwealth* v. *McCarthy,* 385 Mass. 160, 163 (1982), quoting *Lataille* v. *District Court of E. Hampden,* 366 Mass. 525, 532 (1974), the Commonwealth should, if it seeks to prosecute a defendant on the theory that he either stole a vehicle or received a stolen vehicle, obtain a two-count indictment or two separate indictments under § 28 (*a*), thus establishing the grand jury's finding of probable cause to indict for both crimes. Further, such a practice, in the event of conviction after trial by jury, would provide an accurate reflection of the jury's verdict. Neither at trial nor on appeal has the defendant claimed that the grand jury lacked probable cause to indict for larceny. He did challenge the sufficiency of evidence of larceny at trial. His motion for a required finding of not guilty on the charge of larceny was denied. See note 7, *infra.*

judge charged the jury: "If you find [the defendant] guilty beyond a reasonable doubt of receiving the stolen property, not that he stole it but that he received it from someone else who stole it, then you still must find him not guilty in changing the vehicle identification number because I tell you on this evidence, if someone else stole it and he received it and he knew it was stolen, [there] is still not enough evidence from which you could decide, even if you believe all the Commonwealth's testimony, who changed the VIN. However, if you find beyond a reasonable doubt Mr. Dellamano stole it, the motor vehicle, then it would be open to you to find [him] guilty of the second indictment."[5] The jury returned verdicts of guilty on both indictments. Thus, the jury determined that the defendant was guilty of larceny.[6]

"[T]he law presumes, in the case of a general verdict, that the jury have understood and conformed to the directions of the judge in matters of law . . . ." *Commonwealth* v. *Anthes,* 5 Gray 185, 200 (1855). The inescapable conclusion from the record is that the defendant was convicted of larceny, not receiving stolen goods.[7] Because the defendant was convicted

---

[5] The defendant does not allege any error in these instructions.

[6] Our determination that the defendant was convicted of larceny comes as no surprise to the defendant. After the jury verdict, there was a jury-waived trial to determine whether a prior conviction for attempted larceny, pursuant to G. L. c. 274, § 6, would make his conviction under G. L. c. 266, § 28 (*a*), a second offense as alleged by the Commonwealth. See G. L. c. 278, § 11A. The judge determined that the attempted larceny conviction was not a conviction "under this section," i.e., G. L. c. 266, § 28 (*a*), and concluded that the instant conviction was not a second offense.

[7] On appeal, the defendant does not argue the sufficiency of the evidence of larceny. At the close of the Commonwealth's case, he filed a motion for a required finding, see *Commonwealth* v. *Kelley,* 370 Mass. 147, 150 (1976), which was denied. On appeal, the defendant does not challenge the correctness of that ruling. Therefore the issue is deemed waived. *Commonwealth* v. *Cundriff,* 382 Mass. 137, 150-151 n.22 (1980), cert. denied, 451 U.S. 973 (1981). Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). We add that the judge rejected the defendant's argument because it was open to the jury to conclude that the defendant was the thief since he was "in possession of the motor vehicle on the very day it was stolen." Additionally, there was evidence in the Commonwealth's case that the defendant told the police that he did not have a cancelled check for the pur-

of larceny, we need not reach his argument that the judge improperly amended the indictment.

Because there is confusion as to the interpretation of G. L. c. 266, § 28 (*a*), as amended by St. 1980, c. 463, § 4, we briefly express our views. *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943). We agree with the position the Commonwealth took below, namely, that the 1980 amendment of G. L. c. 266, § 28 (*a*), merely codified our prior decisional law which permits the trier of fact to infer knowledge from circumstantial evidence. We have held that where "knowledge . . . is an essential element of the offence charged, proof of that knowledge is a prerequisite to conviction. The knowledge of the defendant is personal to him and the statute recognizes no substitute. *Commonwealth* v. *Horsfall,* 213 Mass. 232, 236-237 [1913]. *Commonwealth* v. *Boris,* 317 Mass. 309, 315-316 [1944], and cases cited. A person's knowledge, however, like his intent, is a matter of fact, which may not be susceptible of proof by direct evidence. In that event resort must be had, and frequently is had, to proof by inference from

chase of the car, that he had paid for the car with cash, and that he did not have the telephone number of the alleged seller or any documents, telephone numbers, or witnesses to support his claim that he purchased the car from a person who placed a "card" on a bulletin board in a supermarket in Dorchester. The jury could have found these statements to be false. "It is undisputed that if the defendant intentionally made false statements as to material facts when interrogated by the police, 'such statements could be considered by the jury as showing a consciousness of guilt . . . .'" *Commonwealth* v. *Watson,* 377 Mass. 814, 831 (1979), quoting *Commonwealth* v. *Barber,* 261 Mass. 281, 288 (1927). At trial, but not on appeal, the defendant argued that since he offered an explanation of his possession, the jury could not draw any inference from his possession of recently stolen goods. We do not agree. If the jury rejected the explanation, as it apparently did, then the defendant's possession of recently stolen goods permits the inference that he is the thief. "The circumstances as a whole must be looked at. While a jury could believe such an explanation, a reasonable man could disbelieve it. In such circumstances, the explanation and proper inferences to be made from [the defendant's] possession of the motor vehicle . . . were properly for the jury." *United States* v. *Canessa,* 534 F.2d 402, 404 (1st Cir. 1976). See *United States* v. *Brown,* 541 F.2d 858, 861 (10th Cir.), cert. denied, 429 U.S. 1026 (1976).

all the facts and circumstances developed at the trial." *Common-wealth* v. *Holiday,* 349 Mass. 126, 128 (1965). See *Commonwealth* v. *Buckley,* 354 Mass. 508, 511-513 (1968).

On appeal, the Commonwealth asserts that actual knowledge is no longer required for conviction of receiving stolen goods and that a person may be convicted if he or she acts recklessly in acquiring stolen property. We do not agree. Recklessness as a standard of criminality is generally reserved for conduct that creates an unacceptable risk of severe harm to others. Recklessness may describe subjective culpability: "If the grave danger was in fact realized by the defendant, his subsequent voluntary act or omission which caused the harm amounts to wanton or reckless conduct, no matter whether the ordinary man would have realized the gravity of the danger or not." *Commonwealth* v. *Welansky,* 316 Mass. 383, 398 (1944). However, a recklessness standard also criminalizes conduct not subjectively culpable: "[E]ven if a particular defendant is so stupid [or] so heedless . . . that in fact he did not realize the grave danger, he cannot escape the imputation of wanton or reckless conduct in his dangerous act or omission, if an ordinary normal man under the same circumstances would have realized the gravity of the danger. A man may be reckless within the meaning of the law although he himself thought he was careful." *Id.* at 398-399.

Statutes criminalizing the receipt of stolen goods do not proscribe objectively dangerous conduct, but are directed at eliminating "a market for stolen goods which the purchaser believes to have probably been stolen." *United States* v. *Werner,* 160 F.2d 438, 442 (2d Cir. 1947) (L. Hand, J.). It makes little sense to construe the statute before us as criminalizing conduct, such as purchasing goods, that is innocuous in the absence of guilty knowledge. "[C]ircumstances which would create a strong suspicion in the mind of one man might have little significance for another, and one is not to be convicted of a crime because he is of a less suspicious nature than the ordinary man, and where, therefore, he may have acted in entire good faith in the face of conditions which might have put another upon his guard." *Peterson* v. *United States,* 213 F. 920, 922-923 (9th Cir. 1914).

We have recognized this principle in construing G. L. c. 266, § 60, the general statute applicable in cases involving the receipt of stolen goods. "The infraction of this statute is not proved by negligence nor by failure to exercise as much intelligence as the ordinarily prudent man. The statute does not punish one too dull to realize that the goods which he bought honestly and in good faith had been stolen. Guilty knowledge upon the part of a defendant . . . is a prerequisite of a violation of the statute." *Commonwealth* v. *Boris,* 317 Mass. 309, 315 (1944).

The requirement that a defendant have guilty knowledge of the stolen status of acquired goods, does not mean, however, that direct evidence of actual knowledge is necessary. "The receivers of stolen goods almost never 'know' that they have been stolen, in the sense that they could testify to it in a court room. The business could not be so conducted, for those who sell the goods — the 'fences' — must keep up a more respectable front than is generally possible for the thieves. Nor are we to suppose that the thieves will ordinarily admit their theft to the receivers: that would much impair their bargaining power." *United States* v. *Werner, supra* at 441 (L. Hand, J.). For this reason "the attending circumstances known to a defendant are important as tending to show that he possessed knowledge that the goods had been stolen, *or at least as inducing a belief that they had been stolen*; but whatever the circumstances were, if the defendant did not in fact *know or believe* that the property had been stolen, he cannot be found guilty. The *knowledge or belief* of the defendant must be personal to him and our statute furnishes no substitute or equivalent" (emphasis supplied). *Commonwealth* v. *Boris, supra.*

Judicial constructions of similar statutes in other jurisdictions are instructive on this point. In construing Oregon's stolen goods statute, under which a person "commits theft by receiving if he receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft," Or. Rev. Stat. § 164.095 (1983), the Supreme Court of Oregon rejected an interpretation that "would allow the jury to apply an objective or reasonable man

standard of criminal culpability" and held that "[a] finding of either actual knowledge or a belief by the defendant that the property was stolen is essential to a conviction for theft by receiving." *State* v. *Korelis,* 273 Or. 427, 428, 429 (1975). The Arkansas stolen goods statute, which states that "[a] person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property of another person, knowing that it was stolen, or having good reason to believe it was stolen," Ark. Stat. Ann. § 41-2206 (1983), has been construed as applicable to "conduct of one who has more than a suspicion that the property is stolen; it describes more than just carelessly receiving stolen property; it describes conduct which crosses those boundaries and becomes a wrongful act by a guilty mind." *Newton* v. *State,* 271 Ark. 427, 432 (1980), appeal dismissed, 454 U.S. 805 (1981). Similarly, *State* v. *Ware,* 27 Ariz. App. 645, 651 (1976), held that a statute penalizing a person who "buys, sells, possesses, conceals or receives personal property, knowing or having reason to believe that the property is stolen" requires "proof that the defendant *himself* possessed actual knowledge or belief that the goods he retained were stolen."

In light of precedent in this and other courts rejecting the objective measure of culpability inherent in a recklessness standard, there is little justification for incorporating such a standard into G. L. c. 266, § 28 (*a*). Legislative "silence as to mental elements in an Act merely adopting into . . . statutory law a concept of crime already so well defined in common law and statutory interpretation by the states may warrant quite contrary inferences than the same silence in creating an offense new to general law, for whose definition the courts have no guidance except the Act." *Morissette* v. *United States,* 342 U.S. 246, 262 (1952).

While we need not decide whether an interpretation of G. L. c. 266, § 28 (*a*), that would permit a defendant who purchased a vehicle in subjective good faith to be imprisoned for up to ten years because someone other than the defendant would have had "reason to know" the vehicle was stolen can withstand scrutiny under the due process clause of the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachu-

setts Declaration of Rights, we note that "the requirement of due process places some limits on legislative power to penalize innocent conduct." *Simon* v. *Solomon,* 385 Mass. 91, 103 (1982). The boundaries of due process are transcended when, to effectuate a legislative desire to break up the market for stolen goods, "a person, wholly passive and unaware of any wrongdoing, is brought to the bar of justice for condemnation in a criminal case." *Lambert* v. *California,* 355 U.S. 225, 228 (1957).

Because "reason to know," as used in G. L. c. 266, § 28 (*a*), can be read as referring exclusively to subjective knowledge or belief that a vehicle is stolen, the statute is constitutional. "In order for a statute such as this to be constitutional there must be knowledge or belief by the defendant that the goods were stolen." *People* v. *Johnson,* 193 Colo. 199, 200 (1977).

*Judgment affirmed.*