COMMONWEALTH *vs.* DONALD P. GARDNER, JR.

No. 05-P-435.

Plymouth. April 6, 2006. - November 16, 2006.

Present: GREENBERG, DUFFLY, & KAFKER, JJ.

*Receiving Stolen Goods. Robbery. Practice, Criminal,* Duplicative convictions.
*Judicial Estoppel.*

Principles of judicial estoppel barred prosecution in the Superior Court of the
defendant on an indictment charging him with unarmed robbery of the
pocketbook of a person sixty years or older, where the defendant had
previously been convicted in a separate proceeding in the District Court of
receiving or possession of the pocketbook and its contents. [745-748]

INDICTMENT found and returned in the Superior Court Department on March 15, 2002.

A motion to reconsider was heard by *Paul E. Troy,* J.

*Gail M. McKenna,* Assistant District Attorney, for the Commonwealth.

*Bruce L. Namenson* for the defendant.

DUFFLY, J. This is the Commonwealth's appeal from a decision of a judge of the Superior Court dismissing an indictment brought against the defendant in Plymouth County for unarmed robbery (of a "pocketbook with contents") from a person sixty years or older, G. L. c. 265, § 19(a),[1] on double jeopardy grounds: the defendant had, in an earlier proceeding in the Quincy Division of the District Court Department in Norfolk County, admitted sufficient facts to warrant a finding of guilty

---

[1]The indictment charged that on December 11, 2001, the defendant "by force and violence or by assault and putting in fear, did rob, steal, or take from the person of Margaret Cronin . . . [a] pocketbook with contents . . . ." In connection with the same incident, the defendant was also indicted for assault and battery upon an elderly or disabled person, G. L. c. 265, § 13K(b), but that indictment is not at issue in this appeal.

on, inter alia, a charge of receiving stolen property.[2] We agree that the subsequent prosecution is barred and affirm the dismissal, although on a ground different from that articulated by the motion judge.

*Facts.* We briefly recite the basic facts that underlie the issue on appeal. On the afternoon of December 11, 2001, as seventy year old Margaret Cronin stood near her automobile in the parking lot of a shopping center in Norwell, a man approached, knocked Cronin to the ground, took her purse, and fled. Witnesses saw the assailant drive away in a white Ford Taurus station wagon. Later that day in Weymouth, the police observed a white Ford Taurus station wagon being driven erratically at a high rate of speed; when the driver refused to pull over, the police gave chase and eventually caught up with the vehicle. The defendant, who was the driver of the car, was arrested. At the time of his arrest, Cronin's pocketbook and some of its contents were in the defendant's possession. The discovery of these items gave rise to the receiving stolen property charge, while the unarmed robbery indictment was based on the initial purse snatching.

*Discussion.* The issue presented — whether the defendant may be prosecuted for stealing the pocketbook with contents when he had previously been convicted of receiving or possession of the pocketbook and contents — may be resolved without resort to principles of double jeopardy, but on the basis that convictions of both stealing and receiving stolen property are inconsistent as matter of law. This approach is also consonant with accepted principles of judicial restraint, pursuant to which we will not reach a constitutional issue if an alternative, nonconstitutional basis for our disposition exists. See *M.C.* v. *Commissioner of Correction,* 399 Mass. 909, 912 (1987).

Massachusetts courts have, for well over a century, adhered to the principle that a defendant may not be tried and punished for both stealing and receiving the same property because convictions for stealing and receiving the same property would

---

[2]With respect to the charges in Quincy District Court, the complaint charged, in pertinent part, that the defendant on December 11, 2001, "did buy, receive or aid in the concealment of stolen or embezzled property of Margaret Cronin . . . ."

constitute legally inconsistent verdicts. See, e.g., *Commonwealth* v. *Haskins*, 128 Mass. 60, 61-62 (1880) (convictions on separate counts of larceny and receiving stolen goods constitute a verdict that is "inconsistent with itself"); *Commonwealth* v. *Nascimento*, 421 Mass. 677, 683 (1996) (inconsistent in law for defendant to be convicted both of stealing property and of receiving the same property); *Commonwealth* v. *Hinckley*, 422 Mass. 261, 262 n.1 (1996) (convictions on both indictments would have been inconsistent); *Commonwealth* v. *Robinson*, 48 Mass. App. Ct. 329, 340-341 (1999) (convictions of receiving stolen property and larceny of the same property constitute "[v]erdicts that are impossible at law"); *Commonwealth* v. *McCaffery*, 49 Mass. App. Ct. 713, 718 (2000) (convictions of larceny and receiving stolen property inconsistent).[3]

This principle appears to be grounded in the notion that the crime of receiving contemplates a transfer to the defendant from some other person. See, e.g., *Commonwealth* v. *Haskins, supra* at 61 ("in law the guilty receiver of stolen goods cannot himself be the thief; nor can the thief be guilty of a crime of receiving stolen goods which he himself had stolen"). See also *Fuller* v. *United States*, 407 F.2d 1199, 1223 (D.C. Cir. 1968), cert. denied, 393 U.S. 1120 (1969) ("A familiar example of inconsistency is that of the common law offenses of larceny and receiving stolen goods. At common law a defendant could not be convicted at the same time for both larceny and receiving,

---

[3]Implicit in these cases is the view that the Legislature, in failing to enact statutes specifically directing punishments for stealing property and for receiving the same property, did not contemplate punishing a defendant both for stealing and receiving the same property (although a defendant may be prosecuted for both). See, e.g., *Commonwealth* v. *Nascimento*, 421 Mass. at 683 (noting that "[a] legislature could properly enact a statute directing separate punishment for stealing property and for receiving or possessing the same stolen property"). See also *Heflin* v. *United States*, 358 U.S. 415, 419-420 (1959) (defendant may not be convicted and cumulatively sentenced under 18 U.S.C. § 2113 for both robbing a bank and receiving the proceeds of the robbery; "Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the . . . robbers themselves"); *Milanovich* v. *United States*, 365 U.S. 551, 553-554 (1961) (indicating agreement with lower court's statement that, as to robbery and receiving the proceeds of the robbery, "in the absence of a contrary indication by Congress, a defendant charged with offenses under statutes of this character may not be convicted and punished for stealing and also for receiving the same goods").

because an element of the crime of receiving is that the goods be 'received' from another person after they are stolen. A thief cannot receive from himself").

In none of the foregoing cases was the defendant subjected to successive prosecutions, but it is implicit that the doctrine of judicial estoppel precludes further prosecution of the defendant in the Superior Court on the armed robbery indictment.[4] Judicial estoppel, which applies equally to civil and criminal proceedings, see *Commonwealth* v. *Prophete*, 443 Mass. 548, 555 n.10 (2005), "is an equitable doctrine that precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another proceeding." *Otis* v. *Arbella Mut. Ins. Co.*, 443 Mass. 634, 639-640 (2005), quoting from *Blanchette* v. *School Comm. of Westwood*, 427 Mass. 176, 184 (1998). The doctrine is particularly applicable to cases, such as the one presented here, where permitting a subsequent proceeding to go forward would produce "inconsistent determinations . . . endangering the integrity of the judicial process." *Otis* v. *Arbella Mut. Ins. Co.*, *supra* at 643, quoting from *Alternative Sys. Concepts, Inc.* v. *Synopsys, Inc.*, 374 F.3d 23, 33 (1st Cir. 2004).[5]

---

[4]This approach is suggested by dicta in *Jackson* v. *Commonwealth*, 430 Mass. 260, 262 (1999), cert. denied, 528 U.S. 1194 (2000). In that case, because a defendant's District Court conviction of receiving stolen property had been vacated, his double jeopardy rights (as to a subsequent indictment for armed robbery) were not offended. The court stated that it therefore "need not discuss the issue whether one can be convicted of both receiving stolen property and robbery of the same property" in successive prosecutions. *Ibid.* This statement is immediately followed by a footnote, *id.* at 262 n.4, in which the court makes no reference to cases discussing double jeopardy but cites *Commonwealth* v. *Nascimento*, 421 Mass. at 683, and *Commonwealth* v. *Haskins*, 128 Mass. at 61, for the proposition that "it is inconsistent in law for a defendant to be convicted both of stealing property and of receiving the same property."

[5]The application of judicial estoppel in any particular case generally depends on a finding of three factors. See *Otis* v. *Arbella Mut. Ins. Co.*, *supra* at 640-642. First, the party against whom the estoppel is invoked must assert a position that is "directly inconsistent" or "mutually exclusive" of a position asserted by that party in a prior proceeding. See *Otis* v. *Arbella Mut. Ins. Co.*, *supra*; *Paixao* v. *Paixao*, 429 Mass. 307, 310 (1999). Second, it must be apparent that the party was successful in causing the court to adopt or accept the alleged inconsistent position in a prior proceeding. See *East Cambridge Sav.*

For the Commonwealth to assert that a defendant is the receiver of stolen property in one proceeding and the thief of the same property at a later trial would, as matter of longstanding decisional law in the Commonwealth, result in prosecutions that are directly inconsistent, as it would require the Commonwealth to take the position in the second case that the defendant was the person who had stolen the property and, therefore, that he was not also the receiver of that property.[6] Further, the judgment entered in the District Court proceeding reflects judicial acceptance of the Commonwealth's position that the defendant was the receiver of Margaret Cronin's stolen property. Finally, a second trial would unquestionably impose an unfair detriment on the defendant.[7] See *Otis* v. *Arbella Mut. Ins. Co.*, supra at 641 ("as a practical matter, where the first two components have been satisfied, this third factor [unfair detriment on the opposing party] is virtually certain to be present, as judicial acceptance of a party's position will ordinarily redound to the benefit of that party").

*Conclusion.* Based on the foregoing, we conclude that principles of judicial estoppel bar a prosecution of the defendant on the indictment charging him with unarmed robbery of a person sixty years or older, and we affirm the decision of the

---

*Bank* v. *Wheeler*, 422 Mass. 621, 623 (1996). Third, the party seeking to assert the inconsistent position would, by doing so, impose a burden on the opposing party. See *InterGen N.V.* v. *Grina*, 344 F.3d 134, 144 (1st Cir. 2003). All three factors are present in this case. See discussion, *infra*.

[6]There is nothing in the indictment to suggest that the conviction of receiving "property of Margaret Cronin" could have been for property other than that for which the indictment (charging unarmed robbery of "Margaret Cronin['s] . . . pocketbook with contents") was sought.

The Commonwealth's argument that convictions of receiving stolen property and stealing the same property should not be mutually exclusive when the stealing occurs in a robbery, because the "essence of robbery is the force and violence used," is unavailing. In *Commonwealth* v. *Nascimento*, supra at 682-683, the defendant was convicted of armed robbery of the victim. Likewise, in *Heflin* v. *United States*, supra at 416, the defendant was convicted of bank robbery "by force and violence."

[7]We do not suggest that the Commonwealth, by prosecuting the two charges separately, was attempting to seek a tactical gain, having failed to obtain the initial conviction on the more serious charge. See *Otis* v. *Arbella Mut. Ins. Co.*, supra at 642.

Superior Court judge on reconsideration that allowed the defendant's motion to dismiss.

> *Order allowing defendant's motion for reconsideration affirmed.*