## Commonwealth *vs.* Daniel Corcoran.

No. 06-P-118.

Bristol. December 6, 2006. - May 22, 2007.

Present: Gelinas, Green, & Grainger, JJ.

*Receiving Stolen Goods. Larceny. Practice, Criminal,* Assistance of counsel.

At the trial of indictments charging the defendant with receiving stolen
property, but not larceny, the judge erred in granting the defendant's mo-
tion for a new trial, where the fact that the evidence would have supported
a conviction of larceny did not prevent a conviction of receipt of stolen
goods arising from the same events. [125-130]

Indictments found and returned in the Superior Court Depart-
ment on December 13, 2001.

The cases were tried before *Robert J. Kane,* J., and a motion
for a new trial was heard by him.

*Rachel Eisenhaure,* Assistant District Attorney, for the
Commonwealth.

*Kathleen M. McCarthy* for the defendant.

Grainger, J. Whether a thief who is not charged with larceny
may be convicted as the receiver of goods he has stolen is
raised in this appeal.

*Facts.* We summarize the facts as found by the motion judge,
who was also the trial judge. The defendant, Daniel Corcoran,
knocked on the front door of Nancy Stevens's home in East
Providence, Rhode Island, in the fall of 2000. She was 79 years
old and lived alone. The defendant asked her whether she was
interested in selling her home, stating, "[T]his is the kind of
house I always wanted." He asked to see the house, and she let
him in and showed him around. They talked in her kitchen for
about one-half hour, and he left.

About one week later, the defendant made the first of several

more visits to Stevens's house. On these visits he conversed about jewelry, induced Stevens to show him her jewelry, and familiarized himself with the interior of the house.

Some time after the defendant's first visit, Stevens checked her jewelry box and noticed that her pin, broach, bracelet, and ring were missing. Stevens had never previously told anyone where she kept her jewelry. She did not immediately report the loss.

The following April or May of 2001, Stevens visited a gift and consignment shop located in Seekonk, Massachusetts, known as Lost Treasures. While browsing through the store, Stevens saw her pin and bracelet displayed for sale, and she called the police.

Returning with the Seekonk police, Stevens identified her bow-shaped diamond ring and gold bracelet set with three emeralds and two diamonds. The owner of the shop told a detective on the scene that the man from whom he had purchased the jewelry was named Dan, had been to the store earlier that day, and was expected to return at 5 p.m. The police waited for Dan's return. When he did return, the owner of the shop identified him as the man who had sold him Stevens's jewelry. When approached by the detective, the defendant provided his name and a driver's license, and denied having sold any jewelry to the shop owner.

The defendant was subsequently charged with two counts of receiving stolen property under G. L. c. 266, § 60. A jury returned guilty verdicts on both counts. The record does not indicate whether he was ever charged with larceny in Rhode Island.

The defendant moved for a new trial based on the claim that his counsel was ineffective for failing to move for a required finding of not guilty or, alternatively, for failing to request a jury instruction on the inconsistent nature of evidence "proving" that the defendant stole the jewelry. The judge ordered a new trial, relying on language in *Commonwealth* v. *Janvrin*, 44 Mass. App. Ct. 917, 918 (1998), and determined that, because "proof of [his] theft excluded [him] as a receiver of stolen goods," the defendant was deprived of a substantial defense by counsel's failure to request jury instructions or a directed finding. The Commonwealth appealed.

*Discussion.* It is well-established that convictions for both stealing and receiving the same items on the same occasion cannot be maintained against one individual. See *Commonwealth* v. *Haskins*, 128 Mass. 60, 61 (1880).[1] Following and relying on *Haskins*, decisions of our courts addressed the problem of inconsistent jury verdicts on larceny and receiving stolen goods by either setting aside one indictment, see *Commonwealth* v. *McCann*, 16 Mass. App. Ct. 990, 991 (1983), or dismissing one indictment in lieu of granting a new trial, see *Commonwealth* v. *Nascimento*, 421 Mass. 677, 684-685 (1996).[2]

We are confronted with different circumstances here because only the offense of receiving stolen goods was charged. The jury, presented with a charge of receipt, returned with a conviction of receipt where the evidence also supported theft, albeit not within the borders of the Commonwealth. We have previously faced the question whether a jury is prohibited from finding a defendant guilty of receipt where the prosecution has presented evidence of theft (or vice versa). See *Commonwealth* v. *Obshatkin*, 2 Mass. App. Ct. 1, 4-5 (1974), and *Commonwealth* v. *Janvrin*, *supra.* Because these two decisions contain conflicting language that has caused confusion and difficulty in the current case, we endeavor today to clarify the rule to be used from this point forward.[3] We briefly present the facts and outcomes of *Obshatkin* and *Janvrin*.

---

[1]In *Haskins*, two defendants were found simultaneously guilty of larceny of a cow ("and but one larceny of that cow") and receipt of the same stolen cow. *Ibid.* The Supreme Judicial Court declared a mistrial because the convictions were legally inconsistent. Further, the court found that an entry of nolle prosequi on one charge, after the conclusion of the trial, did not cure the inconsistency because it allowed the prosecutor, rather than the jury, to determine the defendant's guilt as between the two offenses. *Id.* at 62.

[2]*Nascimento* and subsequent decisions amended the rule announced in *Haskins* by concluding that a judge's dismissal of one indictment is an adequate cure where a jury returns inconsistent verdicts. *Ibid.* See *Commonwealth* v. *McCann*, 16 Mass. App. Ct. at 991 (setting aside indictment on charge of receipt where jury found defendant guilty of both receipt and theft, and had not been instructed that they must acquit on receipt if they find defendant guilty of theft).

[3]The United States Court of Appeals for the Third Circuit, considering a similar question, noted that "whether a defendant may be convicted for the receipt . . . of stolen goods when the evidence discloses that he was in fact the thief" is "a query of the type that intrigues the legal mind but is a source of bafflement and some impatience to the average layman." See *United*

In *Obshatkin,* the defendant was charged with receipt of two stolen bicycles and was found guilty. He claimed on appeal that, because prosecutors presented evidence equally supporting his guilt as to larceny, he could not be found guilty of receipt under the *Haskins* doctrine. We rejected that contention, holding that although one cannot be convicted of both theft and receipt of the same goods, where evidence shows equally that the accused committed either of two distinct crimes, the proper judicial response is to issue "clear and precise instructions to the jury rather than for the direction of a verdict for the defendant." *Commonwealth* v. *Obshatkin, supra. Commonwealth* v. *Carson,* 349 Mass. 430, 435-436 (1965). See generally J.R. Nolan & L.J. Sartorio, Criminal Law § 159 (3d ed. 2001). *Obshatkin* thus distinguishes on the one hand between facts sufficient as a matter of common experience to conclude a person to be a thief and on the other hand a legal determination, i.e., a conviction of larceny. It therefore allows a defendant to be charged only with receiving stolen property, and convicted thereof, even though the evidence shows he may also be the thief.

*Commonwealth* v. *Janvrin* presented facts and arguments similar to *Obshatkin.* Barbara Janvrin stole a gun from an acquaintance's home, and was found on a city bus carrying the stolen gun. *Commonwealth* v. *Janvrin,* 44 Mass. at 917. She was charged with both larceny and receiving stolen property. After she was tried and convicted only on the receiving charge, the Commonwealth entered a nolle prosequi as to the larceny charge. On appeal, although neither party had raised or argued the issue, we set aside Janvrin's conviction of receiving stolen property, using the following language: "[T]he guilty receiver of stolen goods cannot . . . be the thief; nor can the thief be guilty of the crime of receiving stolen goods which [she herself] has stolen." *Id.* at 918, quoting from *Commonwealth* v. *Dellamano,* 393 Mass. 132, 134 (1984).

We conclude that *Janvrin* requires correction insofar as it holds that a person cannot be convicted as the receiver of stolen goods if the evidence supports a finding that he or she is in fact the

States v. *Trzcinski,* 553 F.2d 851, 852 (3d Cir. 1976), cert. denied, 431 U.S. 919 (1977).

thief, even when there is no conviction for the theft.[4] We hold today, affirming our decision in *Obshatkin*, that where evidence would support a conviction of larceny, it does not prevent an alternative conviction of receipt of stolen goods arising from the same events if the evidence supports that conviction as well.[5] The fact finder is free to reject the evidence tending to prove theft and to infer receipt from the fact of possession, if it so chooses.[6] Stated from a different perspective, a conviction of receipt does not require the Commonwealth to preclude the possibility that the defendant was the thief as an element of the offense. Thus to the extent that *Janvrin* has come to stand for the proposition that a defendant could not be convicted solely as a receiver because the evidence showed that defendant may be, or is in fact, the thief, that decision is overruled.[7]

    As a consequence of this decision, defendants are not entitled

[4]See, e.g., *United States* v. *Trzcinski*, 553 F.2d at 854 ("in a case where only possession is charged, whether the defendant has committed the larceny is not the determinative fact — rather, it is whether he has been convicted of that crime"). In that case, a conviction of receipt of stolen goods was allowed to stand despite evidence that the defendant was, in fact, the thief.

[5]Although not before us in this case, the obverse would be equally true, so long as there is but one conviction.

[6]The crime of larceny consists of stealing the property of another. G. L. c. 266, § 30(1). Receiving stolen goods consists of buying, receiving or aiding in the concealment of stolen property. G. L. c. 266, § 60. The same facts cannot lead to the conviction of a single defendant for both crimes because a conviction of receipt of stolen goods requires that the property already be stolen at the time of receipt. Our decision in *Obshatkin*, which prescribes a preventative jury instruction in lieu of post-verdict dismissal of one conviction if and when two are returned, creates no right to the same instruction when only one crime is charged. The purpose of dismissing one conviction when both are returned, or of the preventative jury instruction to avoid two convictions in the first place, is to prevent "pyramid[ing] penalties." *United States* v. *Gaddis*, 424 U.S. 544, 550 n.15 (1976). "It follows that the thief's identity does not affect the offense — it is, as the Supreme Court said, 'irrelevant.' " *United States* v. *Trzcinski*, *supra* at 855, quoting from *Gaddis*, *supra*.

[7]We note that *Janvrin* has never been cited by this or the Supreme Judicial Court for its holding on this issue. To the contrary, decisions concerning the "inconsistency" of larceny and receipt have sidestepped *Janvrin*. See, e.g., *Commonwealth* v. *Dellamano*, 393 Mass. at 134; *Commonwealth* v. *Gardner*, 67 Mass. App. Ct. 744, 745-748 (2006). *Janvrin*'s detour from preceding case law may have sprung from its atypical procedural history: (1) the larceny charge against Janvrin was brought but never acted upon or tried, and was nol prossed after the conclusion of the trial; (2) the parties did not brief or argue

to a jury instruction stating that where proof of larceny exists, a conviction of receipt of stolen property cannot enter (and vice versa); nor is a directed verdict warranted on that basis. We continue to maintain, as has been the law of the Commonwealth for more than a century, that a person cannot be convicted of both larceny and receipt of the same goods. See *Commonwealth v. Gardner*, 67 Mass. App. Ct. 744, 746 (2006), and cases cited.[8] A defendant may, however, be indicted for both crimes. See *Commonwealth* v. *Dellamano*, 393 Mass. at 134 n.4.[9] When a defendant is indicted on charges of both larceny and receipt, the jury will be presented with evidence tending to show either or both of the crimes so that the jury can weigh the evidence and decide between the two charges, or acquit on both. In situations in which the Commonwealth cannot (as in this case, due to jurisdictional limitations) or simply chooses not to pursue a

the "inconsistency" issue; and (3) the Commonwealth conceded error on the issue in a letter submitted to the court after argument during which the panel raised the issue sua sponte. Similar factors underlie decisions to overrule prior case law of our court. See, e.g., *Commonwealth* v. *Montalvo*, 50 Mass. App. Ct. 85, 87 (2000) (overruling to some extent *Commonwealth* v. *Kirkpatrick*, 44 Mass. App. Ct. 355 [1998]); *Carmel Credit Union* v. *Bondeson*, 55 Mass. App. Ct. 557, 561 (2002) (overruling one interpretation of certain language in *Mutual Bank for Sav.* v. *Silverman*, 13 Mass. App. Ct. 1059 [1982]). We note that *Janvrin* is most often cited for propositions not relevant to this case. See *Commonwealth* v. *Pike*, 428 Mass. 393, 400-401 (1998); *Commonwealth* v. *Giontzis*, 47 Mass. App. Ct. 450, 461 (1999); *Commonwealth* v. *Brien*, 67 Mass. App. Ct. 309, 310 (2006). With the exception of adjusting the narrow point of law discussed here, we leave the decision undisturbed.

[8]"*Commonwealth* v. *Haskins*, 128 Mass. 60, 61-62 (1880) (convictions on separate counts of larceny and receiving stolen goods constitute a verdict that is inconsistent with itself); *Commonwealth* v. *Nascimento*, 421 Mass. 677, 683 (1996) (inconsistent in law for defendant to be convicted both of stealing property and of receiving the same property); *Commonwealth* v. *Hinckley*, 422 Mass. 261, 262 n.1 (1996) (convictions on both indictments would have been inconsistent); *Commonwealth* v. *Robinson*, 48 Mass. App. Ct. 329, 340-341 (1999) (convictions of receiving stolen property and larceny of the same property constitute '[v]erdicts that are impossible at law'); *Commonwealth* v. *McCaffery*, 49 Mass. App. Ct. 713, 718 (2000) (convictions of larceny and receiving stolen property inconsistent)."

[9]The court in *Dellamano* further noted that "the Commonwealth should, if it seeks to prosecute a defendant on the theory that he either stole [goods] or received [stolen goods], obtain a two-count indictment or two separate indictments . . . , thus establishing the grand jury's finding of probable cause to indict for both crimes." *Ibid.*

charge of larceny, despite evidence tending to prove that crime, it may nonetheless proceed, and secure a conviction, based on receipt.[10] See *Commonwealth* v. *McArthur,* 55 Mass. App. Ct. 596, 598-599 (2002).

*Conclusion.* The interpretation of *Janvrin,* which defendant's counsel is charged with having failed to assert, was demonstrably at odds with the overwhelming thrust of Massachusetts case law, as detailed above. We conclude that the defendant is not entitled to a new trial, because he was not deprived of an "available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). The evidence clearly supported the jury verdict and there was no error of defense counsel which "so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Lockhart* v. *Fretwell,* 506 U.S. 364, 369 (1993), quoting from *Kimmelman* v. *Morrison,* 477 U.S. 365, 374 (1986).[11] An analysis of effective assistance "focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Lockhart* v. *Fretwell, supra* at 369.[12] In any event,

---

[10]Our decision today reconfirms the alignment of treatment of larceny and receiving stolen goods in Massachusetts with the treatment given them in most other states that have considered the issue, and in the Federal courts. As a matter of statutory construction, many courts have held as we do today, some pointing out that the government need not disprove that one of these crimes occurred in order to prove the other. See *Pierce* v. *State,* 627 P.2d 211, 219-220 (Alaska App. 1981); *People* v. *Price,* 1 Cal. 4th 324 (1991), cert. denied, 506 U.S. 851 (1992); *People* v. *Hastings,* 422 Mich. 267 (1985); *State* v. *Carter,* 293 Minn. 102 (1972); *State* v. *Hargett,* 157 N.C. App. 90 (2003); *Maumee* v. *Geiger,* 45 Ohio St. 2d 238 (1976). See also *Commonwealth* v. *Gardner,* 67 Mass. App. Ct. at 476-477. See cases collected in Annot., Participation in Larceny or Theft as Precluding Conviction for Receiving or Concealing the Stolen Property, 29 A.L.R.5th 59, 248-253 (1995).

[11]In addition to the substantial body of case law cited herein permitting charges and trials — and prohibiting only convictions — for both larceny and receipt arising from the same facts, which renders the failure to request rulings based on a contrary theory difficult to characterize as ineffective assistance, we note the judge's reference to "defense counsel's spirited and seasoned defense of Corcoran."

[12]Our Supreme Judicial Court has commented favorably, but not ruled definitively, on the parity of the Massachusetts standard for effective assistance under our Declaration of Rights and the Sixth Amendment standard adjudicated in the line of cases including *Strickland* v. *Washington,* 466 U.S.

given our decision today, a new trial would be of no benefit to the defendant as the judge would be precluded from issuing any jury instruction based on *Janvrin.*

We vacate the order granting a new trial and affirm the defendant's convictions.

*So ordered.*

---

668 (1964), *Kimmelman* v. *Morrison, supra,* and *Lockhart* v. *Fretwell, supra.*

"On consideration of *Lockhart,* we conclude that satisfaction of the standard for effective assistance of counsel under the Declaration of Rights still necessarily satisfies the Federal standard. We again leave open for discussion in an appropriate case the question posed in [*Commonwealth* v.] *Charles,* [397 Mass. 1 (1986)], and [*Commonwealth* v.] *Fuller,* [394 Mass. 251 (1985)], regarding the possible differences between the State and Federal standards. In light of the newly explicated Federal standard for the right of effective assistance of counsel, see *Lockhart, supra* at 848-850 (Stevens, J., dissenting), however, we emphasize that this court will be the arbiter of the standard for effective assistance of counsel under the Declaration of Rights and will not be bound by Federal precedent when deciding that issue." *Commonwealth* v. *Urena,* 417 Mass. 692, 696 (1994).

We note as well that the United States Supreme Court has continued to grapple with this issue: "[O]n the one hand, as *Strickland* itself explained, there are a few situations in which prejudice may be presumed. 466 U.S. at 692. And, on the other hand, there are also situations in which it would be unjust to characterize the likelihood of a different outcome as legitimate 'prejudice.' " *Williams* v. *Taylor,* 529 U.S. 362, 391-392 (2000).