Following a jury trial in the Juvenile Court, the defendant was adjudicated delinquent by reason of receiving a stolen motor vehicle. On appeal, he contends that the judge erred in instructing the jury and in denying his motion for a mistrial, the combination of which requires reversal of his conviction. We affirm.
1. Jury instruction. The defendant contends that his due process rights were violated when the judge improperly instructed the jury on the knowledge element of the crime. The defendant claims that the jury should have been instructed that he knew or believed that the motor vehicle, here a taxicab, was stolen. Instead, the judge instructed that the Commonwealth could meet its burden of proving the knowledge element if the defendant knew or had reason to know the taxicab was stolen. We disagree with the defendant's assertion.
During the charge conference, the Commonwealth asked the judge to instruct the jury using the words "knew or had reason to know" as set forth in G. L. c. 266, § 28(a ). Defense counsel objected and asked the jury to be instructed consistent with the language set forth in the Criminal Model Jury Instructions for Use in the District Court,[2] which uses the words "knew or believed." The judge instructed the jury, both orally and in writing, as requested by the Commonwealth. The judge then added to the instruction requested by the Commonwealth.[3] The defendant did not object, which he was required to do in order to preserve the issue for appellate review. At the end of the instructions, there is an inaudible sidebar discussion. The record does not reflect an objection after the judge completed his instructions. The defendant did not seek to reconstruct the record of the inaudible sidebar discussion, which is his burden. See Commonwealth v. Sargent, 449 Mass. 576, 582 n.10 (2007). Accordingly, we review only to determine whether the instruction as given resulted in a substantial risk of a miscarriage of justice. In order to be convicted of the crime of receiving a stolen motor vehicle, the words "had reason to know" and "believed" have been held to apply interchangeably. That is, a defendant must "have guilty knowledge of the stolen status of acquired goods." Commonwealth v. Dellamano, 393 Mass. 132, 138 (1984). Direct evidence of actual knowledge is not necessary. See ibid. See also Commonwealth v. Boris, 317 Mass. 309, 315 (1944). In Dellamano, the Supreme Judicial Court stated that, "[b]ecause 'reason to know,' as used in G. L. c. 266, § 28(a ), can be read as referring exclusively to subjective knowledge or belief that a vehicle is stolen, the statute is constitutional." Dellamano, 393 Mass. at 140. Accordingly, the instruction given did not violate the defendant's due process rights; nor did it create a substantial risk of a miscarriage of justice.[4]
2. Request for a mistrial. The defendant requested a mistrial after he claimed the jury were exposed to a prejudicial first time, in-court identification of the defendant. On direct examination, the owner of the taxicab testified to his whereabouts at the time the taxicab was stolen. In response to being asked where he was, the witness answered, "I was sitting outside in my car with the radio ... that's when the two kids came into the parking lot and-and one of the kids was him. One of the kids was him." Defense counsel objected immediately and the judge sustained the objection. Defense counsel then moved for a mistrial, which the judge denied. The judge immediately gave a curative instruction. During the charge conference, the parties suggested a different instruction for inclusion in the final instructions. The judge adopted the instruction proposed by the defendant.
The Commonwealth concedes, as they must, that "no good reason was established" to permit the witness to identify the defendant in court. See generally Commonwealth v. Crayton, 470 Mass. 228 (2014). Here, the identification was unsolicited. The judge twice instructed the jury, quite forcefully, in no uncertain terms, that they should completely disregard the statement.[5] We "presume that a jury understand and follow limiting instructions, ... and that the application of such instructions ordinarily renders any potentially prejudicial evidence harmless." Crayton, 470 Mass. at 251, quoting from Commonwealth v. Donahue, 430 Mass. 710, 718 (2000). The judge did not abuse his discretion in denying the request for a mistrial.[6]
Adjudication of delinquency affirmed.

See Instruction 8.200 of the Criminal Model Jury Instructions for Use in the District Court (2017).

The judge added, "Personal knowledge or belief is required, and our law allows for no substitute."

In addition, any risk of a miscarriage of justice was negated by the strong case presented by the Commonwealth. The defendant never contested the fact that the taxicab was stolen, only that he knew it was stolen.

The second instruction was verbatim as suggested by defense counsel. Indeed, the jury were instructed to not only disregard the identification, but also to disregard the properly admitted testimony that preceded the identification, an instruction that was helpful to the defendant.

As there was no error, there was no cumulative error requiring reversal.