COMMONWEALTH *vs.* WARREN JOHNSON.

Suffolk. October 3, 1989. - January 22, 1990.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Constitutional Law*, Double jeopardy. *Practice, Criminal*, Double jeop-
ardy, Conduct of prosecutor. *Burglarious Implements. Due Process of
Law*, Prosecutorial vindictiveness.

No principles of double jeopardy barred the prosecution of a criminal de-
fendant on an indictment for possession of a burglarious implement fol-
lowing his conviction on a complaint for breaking and entering, both
prosecutions arising out of the same incident. [535-536]
In the circumstances of a criminal case in which the defendant pleaded
guilty to a complaint for breaking and entering and was subsequently
prosecuted on an indictment for possession of a burglarious implement
arising out of the same incident, the court declined to adopt and apply,
based on the defendant's due process rights under the Fourteenth
Amendment to the United States Constitution, an extension of the
scope of the presumption of prosecutorial vindictiveness, as set forth in
*Blackledge* v. *Perry*, 417 U. S. 21 (1974). [536-539]

INDICTMENT found and returned in the Superior Court De-
partment on September 8, 1988.

A motion to dismiss was heard by *Cortland A. Mathers*,
J., and the case was heard by *Robert W. Banks*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Jane Larmon White*, Committee for Public Counsel Ser-
vices, for the defendant.

*Robert J. McKenna, Jr.*, Assistant District Attorney, for
the Commonwealth.

LYNCH, J. After a jury-waived trial in the Superior Court,
the defendant was convicted of possessing a burglarious im-
plement in violation of G. L. c. 266, § 49 (1988 ed.). The

defendant appealed, and we granted his application for direct appellate review.

On May 26, 1988, the defendant was apprehended by the Boston police in a Brighton apartment, carrying jewelry and other objects owned by the apartment's occupant. Later, the apartment's occupant found a bag and a crowbar in the apartment.

A complaint was brought in the Brighton District Court charging the defendant with breaking and entering in the day time with intent to commit a felony (G. L. c. 266, § 18 [1988 ed.]). The defendant claimed a first-instance jury trial, and the case was transferred to the jury session of the Boston Municipal Court. The Commonwealth also sought and obtained an indictment in the Superior Court charging the defendant with the same offense, i.e., breaking and entering in the day time with intent to commit a felony. The Commonwealth, however, did not move to dismiss the District Court proceedings.

After obtaining several continuances in the Superior Court, the defendant pleaded guilty to the breaking and entering charge in the District Court. He was sentenced to a term of one year in a house of correction. Thereafter the Commonwealth sought and obtained an indictment charging the defendant with possession of a burglarious tool during the May 26 break in.

The defendant moved to dismiss both indictments and the motion judge dismissed the breaking and entering charge,[1] but denied the motion as to the possession of a burglarious tool. The defendant was then convicted at a jury-waived trial and sentenced to a term of imprisonment of from five to ten years.

On appeal, the defendant claims that his prosecution for possession of a burglarious tool violated (1) both State and Federal prohibitions against double jeopardy because his

---

[1] The breaking and entering charge was barred on double jeopardy grounds as a result of the defendant's guilty plea and conviction in the District Court. See *Commonwealth v. Norman, post* 1001 (1989).

prosecution was based on the same occurrence that resulted in his earlier guilty plea and conviction; and (2) his right to due process under the Fourteenth Amendment to the United States Constitution because the Commonwealth instituted it in retaliation for his strategic guilty plea in the District Court.[2]

1. *Double jeopardy.* The double jeopardy clause of the Fifth Amendment to the United States Constitution states: "[N]or shall any person be subject for the same offence to be put twice in jeopardy." Similarly, G. L. c. 263, § 7 (1988 ed.), prohibits prosecution of a defendant for the "same crime" twice.[3] The fundamental flaw in the defendant's double jeopardy claim is that breaking and entering is not the same crime as possession of burglarious implements. The two are separate and distinct.

This court has long held that "[a] single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution under the other." *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306 (1972), quoting *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871).[4] Applying this "same evidence" rule to the statutes here at issue, G. L. c. 266, § 18 (regarding breaking and entering) and G. L. c. 266, § 49 (regarding possession of burglarious implements), it is clear that "each statute requires proof of an additional fact that the other does not." *Kuklis, supra.* Proof of possession of a burglarious tool does not require proof of a breaking or entering. Likewise, proof of breaking and enter-

---

[2]The defendant makes no analogous claim that the prosecution's alleged vindictiveness violated any provision of the State Constitution, and we therefore do not reach that issue.

[3]In Massachusetts this statute recognizes a fundamental principle of our common law. No such explicit prohibition is found in the Massachusetts Constitution. *Commonwealth* v. *Burke*, 342 Mass. 144, 145-146 (1961).

[4]This rule has expressly been held applicable to instances of successive prosecution. See *Kuklis* v. *Commonwealth*, 361 Mass. 302, 307 n.3 (1972).

ing does not require proof that the defendant possessed a burglarious tool. The fact that the opening of a closed but unlocked door can be breaking, *Commonwealth* v. *Lewis*, 346 Mass. 373, 377 (1963), cert. denied, 376 U.S. 933 (1964), demonstrates that the two crimes are legally and practically distinct.

By emphasizing that both prosecutions arose out of a single occurrence, the defendant in effect urges us to discard the teachings of our prior decisions and adopt a test considered, but not adopted, by the Supreme Court. See *Ashe* v. *Swenson*, 397 U.S. 436, 448-460 (1970) (Brennan, J., concurring) (arguing that a "same transaction" test is constitutionally required as supportive of the double jeopardy principle). Under this approach, the Commonwealth would be required to join at one trial all the charges against a defendant that grow out of a single criminal occurrence or transaction. This argument has been urged on us and rejected previously. *Commonwealth* v. *Gallarelli*, 372 Mass. 573, 578 (1977). We see no reason to change the views expressed in *Gallarelli*.

2. *Due process.* The defendant does not claim to have any evidence that his possession indictment actually resulted from unconstitutional vindictiveness on the part of the prosecution. The defendant therefore recognizes that any finding of a due process violation requires the application of a presumption of retaliatory motivation.

The defendant relies on *North Carolina* v. *Pearce*, 395 U.S. 711 (1969), and *Blackledge* v. *Perry*, 417 U.S. 21 (1974), to support his claim that a presumption of prosecutorial vindictiveness should attach. See *Commonwealth* v. *Tavares*, 27 Mass. App. Ct. 637, 641-642 (1989). In *Pearce*, the Supreme Court first established that unconstitutional vindictiveness toward a criminal defendant should be presumed in certain circumstances. In that case, the Court held that an increased sentence imposed by a judge on retrial following appeal gives rise to a rebuttable presumption of vindictiveness. *Id.* at 723-726. In *Blackledge*, the Court ruled that the presumption arose in cases involving a high likelihood of prosecutorial vindictiveness. There the defendant was

convicted in the State District Court of misdemeanor assault, exercised his right to a trial de novo in the Superior Court, and then was charged with the felony of assault with intent to kill. The defendant claimed that the subsequent felony charge deprived him of due process, and the Supreme Court agreed. The Court ruled that, although there was no actual evidence of prosecutorial vindictiveness, the strong likelihood of vindictiveness demonstrated by the facts justified a presumption of improper motivation. *Blackledge* v. *Perry*, *supra* at 28-29.

Decisions subsequent to *Blackledge*, including *United States* v. *Goodwin*, 457 U.S. 368 (1982), have counseled that courts should exercise great caution before adopting a presumption of prosecutorial vindictiveness. See, e.g., *id.* at 380. The rule is that such a presumption is appropriate only where the likelihood of actual vindictiveness is very high and where application of the presumption will not unduly undermine normal prosecutorial discretion. "In deciding whether to require a showing of actual vindictiveness or merely a showing of reasonable apprehension of vindictiveness, a court must weigh the extent to which allowing the second indictment will chill the exercise of the defendants' . . . rights against the extent to which forbidding the second indictment will infringe on the exercise of the prosecutor's independent discretion." *Jackson* v. *Walker*, 585 F.2d 139, 145 (5th Cir. 1978).

Applying this analysis, we note first that a retaliatory motivation is less likely here than it was in either *Pearce* or *Blackledge*, where the defendant's exercise of procedural rights "clearly require[d] increased expenditures of prosecutorial resources." *Blackledge*, *supra* at 27. In *United States* v. *Goodwin*, *supra*, the defendant was charged with several misdemeanor and petty offenses and scheduled for trial before a Federal magistrate. After the defendant exercised his right to have his case tried in a District Court, the government obtained a felony indictment. In concluding that a presumption of vindictiveness should not attach, the Court distinguished *Pearce* and *Blackledge* on the ground that they

"involved the defendant's exercise of a procedural right that caused a complete retrial after he had been once tried and convicted." *Goodwin, supra* at 376. The Court reasoned further that "[t]he decisions in [*Pearce* and *Blackledge*] reflect[ed] a recognition by the Court of the institutional bias inherent in the judicial system against the retrial of issues that have already been decided." *Id.* As in *Goodwin*, the Superior Court proceeding did not involve a retrial of issues already decided.

It is also significant that the second indictment in this case, unlike the felony indictment in *Blackledge*, was for a separate and distinct crime. See *Hardwick* v. *Doolittle*, 558 F.2d 292, 300-301 (5th Cir. 1977), cert. denied, 434 U.S. 1049 (1978).

This case also involves a greater possible infringement on prosecutorial discretion than existed in *Pearce* or *Blackledge*, because the second indictment here was a viable possibility during the time that the prosecution was preparing for the initial trial. In *Goodwin*, the Court warned that "[t]here is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting." *United States* v. *Goodwin, supra* at 381. The Court reasoned that prosecutors must normally retain broad discretion to bring additional charges in advance of trial. In recognition of these important considerations, this court has previously stated that a prosecutor "has wide discretion, in the absence of any showing of misconduct or violation of constitutional right, to elect to proceed with a matter." *Commonwealth* v. *United Food Corp.*, 374 Mass. 765, 783 (1978). At the time of the defendant's unprompted decision to plead guilty, it was clearly open to the prosecution to bring the possession charge. The prosecutor could even use his option in this regard to induce a guilty plea from a reluctant defendant. *Bordenkircher* v. *Hayes*, 434 U.S. 357 (1978).

Since the possibility of indictment for possession existed at the time of the defendant's unilateral guilty plea, the subsequent indictment does not create a situation where there is a very high likelihood of vindictiveness. It is quite central to a

prosecutor's necessary discretion that he retain the prerogative, after obtaining a first set of indictments, to initiate additional prosecutions for separate and distinct crimes. While prosecutorial discretion would be even more directly at stake if Johnson's possession crime did not flow from the same basic conduct as his breaking and entering offense, prosecutorial discretion is at stake to a greater degree here than it was in *Blackledge.* Accord *Jackson* v. *Walker, supra* at 146.

For these reasons, we decline to extend the scope of the *Blackledge* presumption and decline to apply it in this case.

*Judgment affirmed.*