RICHARD D. GLAWSON *vs.* COMMONWEALTH & others (No. 1).[1] December 12, 2005. *Supreme Judicial Court,* Superintendence of inferior courts. *Mandamus. Habeas Corpus. Constitutional Law,* Double jeopardy.

The petitioner, Richard D. Glawson, appeals from a judgment of a single justice of this court denying his requests for the various relief described below. We affirm.

Over the course of several days in February, 2001, Glawson allegedly engaged in various criminal activities, including armed robberies, thefts, carjackings, assaults, shootings, and high-speed chases. This alleged conduct resulted in indictments in Suffolk, Middlesex, and Norfolk counties for the specific acts alleged to have been committed in each county. It appears that unsuccessful efforts were made by a judge in the Superior Court and the offices of three district attorneys to obtain a global resolution of the indictments, and that, ultimately, Glawson pleaded guilty to many of the Norfolk County indictments.[2] Indictments in the other counties remain pending.

After sentencing in Norfolk County, Glawson, proceeding pro se, commenced an action in the county court seeking a variety of relief, including (1) extraordinary relief under G. L. c. 211, § 3, and in the nature of mandamus; (2) a writ of habeas corpus; and (3) an order precluding trial on indictments in Suffolk and Middlesex counties based on double jeopardy and due process principles, as well as dismissal of the indictments.[3] A single justice denied relief without a hearing. See *Taylor* v. *Newton Div. of the Dist. Court Dep't*, 416 Mass. 1006, 1006 (1993), citing S.J.C. Rule 2:11, as appearing in 382 Mass. 748 (1981) ("The rules for the regulation of practice before a single justice of this court do not require the single justice to grant a hearing or to make findings").

1. *General Laws c. 211, § 3, and mandamus.* In addition to filing a petition, pursuant to G. L. c. 211, § 3, Glawson also filed two complaints seeking mandamus. He sought an order directing the Norfolk Superior Court to make certain changes to its records, including a change to reflect the dismissal of

---

[1]Two assistant clerks of the Superior Court Department of the Trial Court for the county of Norfolk.

[2]The record before us does not indicate, however, that Glawson moved to consolidate the charges pending in the various counties, pursuant to Mass. R. Crim. P. 9 (a), 378 Mass. 859 (1979), and Mass. R. Crim. P. 37 (b) (2), 378 Mass. 914 (1979).

[3]We reject Glawson's argument that the Norfolk County convictions are not final because related charges are pending in Suffolk and Middlesex counties. See *Willhauck* v. *Halpin*, 953 F.2d 689, 706-707 (1st Cir. 1991) (appeal in one case not timely where it was not filed until after dismissal of related charges in another county). We do not address other claims that were not adequately briefed by Glawson on appeal.

certain indictments on speedy trial grounds, as well as an order compelling a judge in the Superior Court to act on pending motions. Because Glawson has not met his burden, under either rubric, of establishing the absence or inadequacy of alternative remedies, he was not entitled to the relief requested. For example, there is no indication in this record that he moved in the Superior Court to correct the docket. See, e.g., *Sabree* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 437 Mass. 1015 (2002); *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997). See also *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1004 (2001) (violation of speedy trial right remediable in ordinary course of appeal).

2. *Habeas corpus.* Glawson also seeks release from custody, arguing that his Norfolk County convictions were invalid due to the pendency of related indictments in other counties. A petition for a writ of habeas corpus "may be brought by an individual who contends that 'the term of a lawfully imposed sentence has expired,' . . . and who bases his arguments on 'grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage.' " *Stewart, petitioner*, 411 Mass. 566, 568 (1992), quoting *Averett, petitioner*, 404 Mass. 28, 30 (1989). See G. L. c. 248, § 25. See also *Soura, petitioner*, 436 Mass. 1003, 1003-1004 (2002), and cases cited. A challenge, such as Glawson raises, to a conviction is properly raised in the trial court by filing a motion under Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001). *Soura, petitioner, supra*; *Stewart, petitioner, supra* at 569, quoting *McCastle, petitioner*, 401 Mass. 105, 106 (1987) ("A rule 30 'remedy lies not with a single justice of this court but with the trial judge' "). There was, accordingly, no error in the single justice's denial of habeas corpus relief.

3. *Due process and double jeopardy.* Citing principles of due process and double jeopardy, Glawson claims that he cannot be tried on pending indictments in Suffolk and Middlesex counties because jeopardy attached in Norfolk County for acts that he characterizes as involving the "same conduct, episode, occurrence and (arrest)." Principles of double jeopardy bar prosecution in three circumstances: "a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *Mahoney* v. *Commonwealth*, 415 Mass. 278, 283 (1993). There is no double jeopardy violation merely because a defendant is tried separately for different offenses arising from a single transaction or series of events. *Commonwealth* v. *Johnson*, 406 Mass. 533, 535, 536 (1990), citing *Commonwealth* v. *Gallarelli*, 372 Mass. 573, 578 (1977).[4]

Our cases do recognize that, even where there is no double jeopardy in the classic sense, there could be "such harassment in multiple and successive prosecutions as to require relief for the defendant." *Commonwealth* v. *Gallarelli, supra* at 579. See *Commonwealth* v. *Gonzalez*, 388 Mass. 865, 870 n.9 (1983). Cf. *Commonwealth* v. *Johnson, supra* at 536-539 (declining to apply "presumption of prosecutorial vindictiveness" where second indictment was

---

[4]Glawson has not argued before us that any particular indictment returned in Suffolk or Middlesex county is duplicative of any particular Norfolk County indictment, nor has he provided the materials necessary to resolve that question. We therefore express no opinion in that regard.

for separate and distinct crime, although "both prosecutions arose out of a single occurrence"). While Glawson argues that prosecutors used Mass. R. Crim. P. 37 (b) (2), 378 Mass. 914 (1979), for "tactical advantage to gain leverage and options to take two bites at the apple," and that they were overzealous in mounting multicounty prosecutions, the evidence before us is insufficient to show harassment or "vindictiveness." *Commonwealth* v. *Johnson, supra.* To the contrary, the record suggests, among other things, that the prosecutors in the three counties made efforts to achieve a global resolution, if not a consolidation.

The judgment of the single justice denying relief is affirmed.

*So ordered.*

The case was submitted on briefs.

*Susanne G. Reardon,* Assistant Attorney General, for the Commonwealth & others.