**Richard D. GLAWSON, Petitioner,**

v.

**Kenneth NELSON, Respondent.**

**Civil Action No. 06–10981–NMG.**

United States District Court, D. Massachusetts.

March 15, 2007.

See also 839 N.E.2d 822.

Susanne G. Reardon, Office of the Attorney General, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

A state prisoner has filed a petition for habeas corpus on double jeopardy grounds. In August, 2006, the Commonwealth filed a motion to dismiss the petition on the alleged grounds that 1) it is barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 2) the petitioner has not exhausted his state law claims. Glawson opposes both grounds for the motion.

## I. *Factual Background*

This is a case in which the procedural maze is more difficult to navigate than the alleged underlying constitutional violations. In March, 2001, the petitioner, Richard Glawson, was indicted in Norfolk County, Massachusetts, for a disturbing number and variety of alleged offenses arising out of a single crime spree. Shortly thereafter, he was also indicted in neighboring Suffolk County for an additional litany of felonies related to the same criminal binge.[1]

On February 20, 2003, Glawson pled guilty in Norfolk County to nine felony counts, including, *inter alia,* commission of a felony with a firearm, larceny over $250, carjacking, assault and battery with a dangerous weapon and assault and battery of a police officer. On June 9, 2003, Glawson was sentenced in Norfolk County to 15 to 20 years imprisonment. According to the Norfolk County docket, execution of that sentence was stayed until September 10, 2003, and the petitioner filed a notice of appeal on the same day.

After his conviction in Norfolk County, Glawson commenced a state habeas proceeding with a Single Justice of the Supreme Judicial Court ("SJC") on July 14, 2004. In that petition he argued that the Norfolk County convictions were invalid due to the pendency of related indictments in other counties. The Single Justice denied all requested relief on November 24, 2004, and the SJC affirmed that decision on December 12, 2005. *See Glawson v. Commonwealth,* 445 Mass. 1019, 839 N.E.2d 822 (2005).

On September 14, 2004, the petitioner filed a habeas corpus petition with this Court alleging double jeopardy violations (Docket No. 04–12025–MLW). In Febru-

ary, 2006, another session of this Court dismissed that petition without prejudice because Glawson had failed to file a sufficiently intelligible petition after being ordered to do so in response to the Commonwealth's request for a more definite statement.

Meanwhile, on September 29, 2004, Glawson filed a motion to dismiss the indictment pending in Suffolk County on double jeopardy grounds. On December 2, 2004, that motion was allowed with respect to one count of the indictment, which the Suffolk County trial court evidently determined was duplicative of one of the Norfolk County felonies for which he had been convicted. The motion to dismiss was, however, denied with respect to 17 other felonies which allegedly occurred in Suffolk County and which remained pending.

Glawson commenced the instant action on June 1, 2006. The respondent contends that 1) it is barred by the AEDPA statute of limitations because it was filed more than one year after his state conviction became final and 2) his state remedies are not exhausted.

## II. *Legal Analysis*

### A. Statute of Limitations under AEDPA

Pursuant to AEDPA, 28 U.S.C. § 2244(d), the following limitations period applies to petitions for habeas corpus:

(1) A *1–year period* of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—

---

1. Glawson was subsequently indicted in Middlesex County for even more crimes although that indictment is not the subject of the in- stant action. *See Glawson v. Commonwealth,* 445 Mass. 1019, 839 N.E.2d 822 (2005).

(A) the date on which the *judgment became final* by the conclusion of direct review or the expiration of time for seeking such review . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not* be counted toward any period of limitation under this subsection. (Emphasis supplied).

Whether the petitioner's application is barred by the AEDPA limitations period in this case depends upon 1) the date that judgment against Glawson "became final" and 2) whether previous state or federal post-conviction proceedings toll that period.

### 1. Date Judgment Became Final

The Commonwealth contends that Glawson's "judgment became final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) on June 9, 2003, the date on which he was sentenced. In opposition, the petitioner responds, and the Norfolk County docket reflects, that his sentence was stayed for three months and was not executed until September 10, 2003. The three-month differential is, according to Glawson, significant, because he initiated a state collateral proceeding in July, 2004, which tolls the AEDPA limitations period, assuming that judgment did not become final until September, 2003.

The distinction is, however, irrelevant and both litigants have ignored the determinative issue. Under § 2244(d)(1)(A), the limitations period does not begin to run until "the conclusion of direct review or the expiration of time for seeking such review". The controlling date is the date upon which Glawson's direct appellate review became final or the time to file such an appeal expired. In Massachusetts, direct review becomes final when a conviction is confirmed by the Supreme Judicial

Court ("SJC"). *Johnson v. Ashe*, 421 F.Supp.2d 339, 344 (D.Mass.2006).

The respondent's motion is silent as to the result of the direct appeal, if any, pursued by Glawson with respect to his Norfolk County conviction and sentence. While the Norfolk County docket indicates that Glawson filed a notice of appeal it does not indicate the result of that appeal. The record does indicate that Glawson initiated a post-conviction collateral proceeding before a Single Justice of the SJC but the Commonwealth contends that such an action was not the proper vehicle to attack his conviction and sentence. On this record, therefore, the Court cannot conclusively determine whether the AEDPA statute of limitations has run.

### 2. Tolling

A state collateral proceeding tolls the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2). The respondent contends, however, that the state collateral proceeding in this case, which was initiated on September 14, 2004, was filed after the limitations period provided by § 2244(d)(1)(A) had run but the Commonwealth based that calculation on the date of Glawson's sentence, not the date on which his "judgment became final", as discussed above. Until the Court determines the date on which Glawson's sentence became final it cannot discern whether the state collateral proceeding tolled the AEDPA limitations period.

■ The petitioner also filed an earlier federal petition for habeas corpus with this Court on September 14, 2004, Docket No. 04–cv–12025–MLW, which was ultimately dismissed without prejudice because the petitioner failed to file an amended petition that set forth the basis of his claim with sufficient particularity in accordance with the Court's order. That proceeding is, however, of little consequence to the in-

stant motion because the limitations period is not tolled by the pendency of federal post-conviction proceedings. *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

### B. Exhaustion

█ Pursuant to 28 U.S.C. §§ 2254(b)(1)(A) and (c), a petitioner is required to exhaust all state remedies before he may seek federal habeas review. The Commonwealth contends, in a footnote, that the petitioner's claim is unexhausted because his state habeas proceeding was the incorrect vehicle for challenging his convictions and sentence. According to the SJC, the proper challenge to Glawson's conviction would have been to file a motion with the state trial court pursuant to Mass. R.Crim. P. 30. *See Glawson v. Commonwealth,* 445 Mass. 1019, 1020, 839 N.E.2d 822 (2005). The petitioner instead filed a state habeas corpus petition with a Single Justice on July 14, 2004, which was denied on November 24, 2004 and affirmed by the SJC on December 12, 2005. It is not entirely clear from the record, however, whether Glawson retains any means for securing state relief.

Rule 5(b) of the Rules Governing Section 2254 Cases places the burden of asserting non-exhaustion as a defense on the Commonwealth. *See Granberry v. Greer,* 481 U.S. 129, 135, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987)("[w]hen the State answers a habeas corpus petition, it has a duty to advise the district court whether the prisoner has, in fact, exhausted all available state remedies"). In this case, the petitioner's claims appear to be unexhausted but the Commonwealth has not met its burden of so demonstrating.

### C. Merits

█ Regardless of the procedural posture of this case, where it is perfectly clear that the applicant has not even raised a colorable federal issue, 28 U.S.C. § 2254(b)(2) provides that the Court may deny an unexhausted claim on the merits notwithstanding the petitioner's failure to exhaust the remedies available in the courts of the state. *See Granberry v. Greer,* 481 U.S. 129, 135, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). Glawson was indicted for and convicted of numerous felonies in Norfolk County but other counts arising from the same events are (or were at the time he filed this petition) still pending against him in Suffolk County. The petitioner's claim appears to be that he was subjected to double jeopardy because other indictments relating to the same crime spree were pending against him at the time. The courts of the Commonwealth have already addressed that issue and rightly determined it to be without merit. For the reasons stated by the SJC in *Glawson v. Commonwealth,* 445 Mass. 1019, 839 N.E.2d 822 (2005), the petition for habeas corpus is without merit.

### ORDER

The respondent's motion to dismiss (Docket No. 5) is, on grounds other than those stated in his motion and accompanying memorandum, **ALLOWED,** and the petition for habeas (Docket No. 1) corpus is **DISMISSED.**

**So ordered.**