Roach, Christine M., J.
This case is before the court on the Petitioner, Gerald Jones’ (“Jones”), Petition for Writ of Habeas Corpus (“the Petition”). Jones filed the Petition seeking his immediate release from custody, pursuant to G.L.c. 248, section 25. As of April 17, 2008, the date Respondents were to answer the Petition, Jones remained in the custody of the Massachusetts Department of Correction (“DOC”). No response was filed by Respondents. Jones alleges Respondents prohibited his access to programs that would have allowed him to accrue additional credits toward his release date, and in so doing violated his constitutional rights under the Fourteenth Amendment to the United States Constitution. For the following reasons, the Petition is DENIED.
Background
The following facts are taken from the Petition in the light most favorable to Jones. On April 9, 2007, Jones was committed to the custody of the DOC to serve an eighteen-month term of incarceration, based on a probation violation. Jones received credit for 140 days served, leaving him with fourteen months to serve. His sentence was set to expire on May 15, 2008.
Inmates may earn up to twelve and a half days credit during each month of incarceration: up to five days each for work programs and educational programs, and up to two and one-half days for attending meetings. Jones attended meetings for Narcotics Anonymous and Alcoholics Anonymous, for which he received the maximum of twenty-eight days credit. Jones claims he was unconstitutionally denied the opportunity to accumulate additional credits based on participation in educational or work-related programs.

Discussion

An inmate may petition for a writ of habeas corpus if he contends “that the term of a lawfully imposed sentence has expired,” and if his arguments are based on “grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage.” Glawson v. Commonwealth, 445 Mass. 1019, 1020 (2005) (internal quotations omitted), and cases cited. The petitioner must establish that he is eligible for immediate release. See generally, Hennessy v. Superintendent, Mass. Correctional Inst., Framingham, 386 Mass. 848, 852 (1982).
Jones concedes his sentence was lawfully imposed. However, he alleges he was wrongfully denied the opportunity to receive as many good time credits as other inmates. Jones participated in Alcoholics Anonymous and Narcotics Anonymous meetings, for which he earned two and a half good time credits each month. Jones alleges that had he been allowed to participate in educational or work programs, he could have earned additional credits, which would then have accelerated his release date. However, as discussed below, Jones cannot state a constitutional claim to earlier release.

Equal Protection Claim

There is no constitutional right to good time credits. Haverty v. Comm’r of Corrections, 440 Mass. 1, 5-6 (2003). Moreover, a prison inmate “does not have an unqualified right to work and to receive the attendant benefits.” Jackson v. Hogan, 388 Mass. 376, 379 (1983). At best, Jones was eligible to be considered to participate in certain programs, as set forth in the Code of Massachusetts Regulations. G.L.c. 127, §129D. Inmates who participate in these programs may be eligible for good time credits. Respondents, however, may deny an inmate access to these programs, based on “valid penological concerns such as security and order,” including allocation of resources. Section 129D does not establish a statutory right to the availability of credits. Haverty, 440 Mass. at 6-7; Jackson, 388 Mass. at 379.
Prison officials are required to ensure that inmates receive “program access, work assignments, and administrative decisions . . . made without regard to inmates’ race, religion, national origin, sex, handicap or political view.” 103 CMR 934.01(3)(a). A petitioner *108 who claims an equal protection violation must “identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently.” DuPont v. Comm’r of Correction, 448 Mass. 389, 399 (2007) (internal quotations deleted). If Jones were able to establish a prima facie case of discrimination by verified allegation, Respondents would be required adequately to justify the differential treatment.
Jones argues only that he was denied access to educational and work programs while other inmates, some of whom have spent less time in custody, received programs. Jones has failed to provide examples of the alleged discrimination in the Petition. Jones has not pleaded that the other inmates were situated similarly to him in all relevant respects, or identified an impermissible characteristic or class membership that impacted Respondents’ decision to restrict Jones’ access to the programs. Nor has Jones alleged in the Petition that Respondents’ denial of access to work and education programs is based on anything other than legitimate penological considerations, including the allocation of scarce program resources to categories of inmates determined to be likely to make the best use of them. See Haverty, 440 Mass. at 6-7. Thus the Petition fails to state a claim for an equal protection violation.

Due Process Claim

Although Jones has failed to plead a claim for denial of equal protection, his claim that Respondents denied him the opportunity to earn good time credits and, thereby, to be released from incarceration early may also have been an attempt to plead a due process claim. The Fourteenth Amendment to the United States Constitution prohibits any state from “depriving a person of life, liberty or property without due process of law.” The Supreme Judicial Court has held that the removal of statutory good time credits, once earned, without certain minimal procedural protections, implicates liberty interests. Nelson v. Comm’r of Correction, 390 Mass. 379, 388-89 (1983). However, there is no such due process right with respect to acquiring credits, because Respondents have broad discretion to allocate program resources where they deem most effective.
Jones claims Respondents refused to allow him to enter work and educational programs in retaliation for his behavior during prior incarcerations several years ago. As noted above, Respondents may limit a prisoner’s access to various programs. The Petition does not support Jones’ argument that Respondents arbitrarily denied him the opportunity to participate in these programs.
Finally, an inmate is entitled to good time credits for the “satisfactory performance” of educational programs, or “satisfactory performance” on work release. G.L.c. 127, §129D. Even had Respondents allowed Jones to participate in these programs, it is impossible to draw from this record the reasonable, and necessary, inference that he would have satisfactorily completed them. The number of additional credits Jones might have received is purely theoretical and speculative. Therefore, it cannot be inferred that Jones would have been entitled to earlier release.

Conclusion

Based on the foregoing, the Petition for Habeas Corpus is DENIED, and this matter is DISMISSED as now moot.[1]

 Jones has reported to the Clerk of the Court that was released while the Petition was under advisement.