NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12093

COMMONWEALTH  vs.  BRANDON RODRIGUEZ.


Bristol.     October 5, 2016. - February 1, 2017.

Present:  Gants, C.J., Botsford, Lenk, Hines, Gaziano, Lowy, &
Budd, JJ.


Receiving Stolen Goods.  Larceny.  Constitutional Law, Double
    jeopardy.  Practice, Criminal, Dismissal, Double jeopardy,
    Collateral estoppel.  Due Process of Law, Collateral
    estoppel, Prosecutorial vindictiveness.  Estoppel.
    Collateral Estoppel.  Judicial Estoppel.



Complaint received and sworn to in the New Bedford Division
of the District Court Department on July 24, 2013.

    A motion to dismiss was heard by Lisa F. Edmonds, J.

    The Supreme Judicial Court granted an application for
direct appellate review.


    Roger L. Michel, Jr., Assistant District Attorney, for the
Commonwealth.
    Timothy St. Lawrence for the defendant.


    BUDD, J.  In this case we consider whether an acquittal on

a charge of receipt of stolen property bars a subsequent

prosecution for larceny of the same property.  We conclude that

principles of double jeopardy are not a bar to such action and that the successive prosecutions here do not violate the equitable principles that must be considered in such cases.

Background and procedure.  1.  The Commonwealth's allegations.[1]  In 2012, the defendant went to his friend's house. While the friend searched for his cellular telephone, he discovered the defendant in his mother's bedroom, standing in front of her jewelry box.  A drawer in the jewelry box was open. The defendant claimed he had been petting the friend's dog, who was in the bedroom.  The defendant asked his friend if he wanted the defendant "to shake [his] pockets out," but the friend declined.  The next day, the friend's mother discovered that a family ring was missing.  Later, her daughter saw a photograph online of the defendant in which he was wearing the ring on a chain around his neck.

2.  The receipt of stolen property charge.  The Commonwealth initially sought a complaint in the New Bedford Division of the District Court Department against the defendant on the charges of both larceny in excess of $250 and receipt of stolen property, pursuant to G. L. c. 266, §§ 30 (1) and 60, respectively.  Apparently, because the friend was unavailable at

_____

[1] This background section is based on the prosecutor's opening statement at trial, as the judge directed a verdict of not guilty before any evidence was introduced.  The defendant maintains he is innocent.  That the facts are disputed has no bearing on our decision in this appeal.

the time, the Commonwealth was unable to present the factual evidence necessary to establish probable cause of larceny by the defendant. As a result, the clerk-magistrate issued a complaint only for receipt of stolen property. On the morning of trial, the friend, who could supply the evidence supporting the larceny charge, became available as a witness. After jury empanelment, the trial judge learned that the testimony of the new witness related to larceny rather than receipt of stolen property.

The judge told the parties that he would instruct the jury that if they found that the defendant was the thief, then they could not convict him of receiving stolen property.[2] The judge denied the prosecutor's motion to amend the complaint to include larceny but stated that the Commonwealth was free to bring a new complaint for larceny at a later date. Following the Commonwealth's opening statement, the judge invited and allowed the defendant's motion for a required finding of not guilty.

3. The larceny charge. Weeks later, the Commonwealth filed a complaint against the defendant for larceny over $250. The defendant was arraigned on October 11, 2013. He moved to dismiss the complaint on the ground of double jeopardy, arguing that he previously had been acquitted of receipt of stolen property, and the object of both prosecutions was the same

---

[2] As discussed infra, this was an erroneous statement of the law.

allegedly stolen ring.  A different judge denied the motion to dismiss, as well as a motion for reconsideration.  A third judge, however, allowed the defendant's motion to dismiss, finding that larceny and receipt of stolen property were very closely related and based on the same facts.[3]  The Commonwealth appealed from the dismissal of the larceny charge.  We allowed the defendant's application for direct appellate review.

We reverse the allowance of the motion to dismiss, as larceny and receipt of stolen property are not the same offense for double jeopardy purposes.  Further, other equitable doctrines -- due process, collateral estoppel, and judicial estoppel -- do not weigh in this defendant's favor.

Discussion.  1.  Double jeopardy.  Both parties agree that the trial judge erred in directing a verdict of not guilty on the charge of receipt.  Under our common law, it has long been the rule that a defendant may be charged with both larceny and receipt of stolen property, although, for reasons unrelated to double jeopardy, he may be convicted of only one of these offenses.  See Commonwealth v. Haskins, 128 Mass. 60, 61 (1880).  This bar against convictions of both crimes does not mean that the Commonwealth cannot prove receipt using evidence showing

---

[3] It is not apparent from the record why this judge heard this motion, as it had already been decided.  The judge denied the prosecutor's request for an opportunity to brief the matter despite his protest that a different prosecutor had briefed and argued the issue previously.

that the defendant was the thief.  Commonwealth v. Corcoran, 69
Mass. App. Ct. 123, 127 (2007).

The defendant argues that the subsequent larceny complaint
was properly dismissed on the ground of double jeopardy.  We
disagree.

Because it involves a question of law, we review the motion
judge's decision de novo.  See Commonwealth v. Carlino, 449
Mass. 71, 72 n.7 (2007).  Double jeopardy protection stems from
the Fifth Amendment to the United States Constitution and from
Massachusetts common and statutory law.[4]  Commonwealth v. Woods,
414 Mass. 343, 346, cert. denied, 510 U.S. 815 (1993).
Traditional double jeopardy principles bar a second prosecution
for the same offense after either an acquittal or a conviction,
as well as multiple punishments for the same offense.  Mahoney
v. Commonwealth, 415 Mass. 278, 283 (1993).  As the defendant
argues that his acquittal on the receipt of stolen property
charge bars a subsequent larceny prosecution, he must show that
receipt and larceny of the same property constitute the "same
offense" for double jeopardy purposes.  See Commonwealth v.
Gonzalez, 437 Mass. 276, 281 (2002), cert. denied, 538 U.S. 962
(2003).

---

[4] General Laws c. 263, § 7, provides:  "A person shall not
be held to answer on a second indictment or complaint for a
crime of which he has been acquitted upon the facts and merits
. . . ."

a. <u>Appropriate test</u>. The parties disagree as to the appropriate test for determining whether two charges constitute the same offense in the case of successive prosecutions.[5] The Commonwealth asserts that we should apply the same elements test, which normally governs our double jeopardy analysis. The defendant argues that, in addition to the same elements test, we should also use the same conduct test, which, he maintains, would address concerns unique to successive prosecutions.[6] We

---

[5] In a case of successive prosecutions, the defendant has already been "put in jeopardy" for the first charge. The pertinent double jeopardy question that arises prior to the second trial is whether the defendant is being prosecuted again for an offense of which he was previously acquitted or convicted. See <u>Morey</u> v. <u>Commonwealth</u>, 108 Mass. 433, 434 (1871) (prior acquittal or conviction is bar to subsequent <u>prosecution</u> for same offense). In a single prosecution, the question of double jeopardy arises at the sentencing stage. See, e.g., <u>Commonwealth</u> v. <u>Valliere</u>, 437 Mass. 366, 371-372 (2002) ("The appropriate remedy for duplicative convictions, so as to prevent multiple <u>punishments</u>, is to vacate both the conviction and sentence on the lesser included offense, and to affirm on the more serious offense" [emphasis added]).

[6] We and the United States Supreme Court have already rejected two other tests that have emerged over the years.

The same transaction test would require a prosecutor to bring "all charges arising out of the same incident or transaction" in a single prosecution. See <u>Commonwealth</u> v. <u>Gallarelli</u>, 372 Mass. 573, 578-579 (1977) (discussing and rejecting same transaction test). It would bar separate prosecutions for multiple crimes committed during the course of a crime spree, or for conspiracy and the substantive act. See, e.g., <u>Glawson</u> v. <u>Commonwealth</u>, 445 Mass. 1019, 1020 (2005), cert. denied, 547 U.S. 1118 (2006). Although the Model Penal Code and at least one Justice of the Supreme Court have advocated for adoption of this test, see Model Penal Code § 1.07(2) (1962); <u>Ashe</u> v. <u>Swenson</u>, 397 U.S. 436, 452-456 (1970)

conclude that the same elements test, firmly rooted in our history and our case law, is the only appropriate test to apply in both single and successive prosecution scenarios.

i. <u>Same elements test</u>. The same elements test has a long history in both Massachusetts and Federal double jeopardy jurisprudence. See, e.g., <u>Morey</u> v. <u>Commonwealth</u>, 108 Mass. 433, 434-435 (1871), citing <u>Commonwealth</u> v. <u>Roby</u>, 12 Pick. 496 (1832). See <u>Blockburger</u> v. <u>United States</u>, 284 U.S. 299, 304 (1932) (adopting same elements test from <u>Morey</u> as applicable to double jeopardy clause of Fifth Amendment). See also <u>Grady</u> v. <u>Corbin</u>, 495 U.S. 508, 535-536 (1990)[7] (Scalia, J., dissenting) ("We have applied the <u>Roby</u>-<u>Morey</u>-<u>Gavieres</u>-<u>Blockburger</u>

_____

(Brennan, J., concurring), we and the Supreme Court have consistently rejected it. See Mass. R. Crim. P. 9 (a), 378 Mass. 859 (1979) (permitting but not requiring joinder by prosecutor of offenses based on same criminal conduct or episode); <u>United States</u> v. <u>Dixon</u>, 509 U.S. 688, 709 n.14 (1993); <u>Glawson</u>, <u>supra</u> ("no double jeopardy violation merely because a defendant is tried separately for different offenses arising from a single transaction or series of events").

The same evidence test "would prevent the government from introducing in a subsequent prosecution any evidence that was introduced in a preceding prosecution." <u>Grady</u> v. <u>Corbin</u>, 495 U.S. 508, 521 n.12 (1990), overruled by <u>Dixon</u>, 509 U.S. at 704. Here, for example, the Commonwealth could not introduce the allegedly stolen ring in a trial on the larceny complaint if the ring had been used in the prosecution of the receipt charge. This test has been soundly rejected. See <u>Dixon</u>, <u>supra</u>; <u>Commonwealth</u> v. <u>Woods</u>, 414 Mass. 343, 351, cert. denied, 510 U.S. 815 (1993).

[7] As we discuss <u>infra</u>, the <u>Grady</u> case was expressly overruled insofar as it required any test except the same elements test. See <u>Dixon</u>, 509 U.S. at 704.

formulation in virtually every case defining the 'same offense' decided since Blockburger").  Under this test, a defendant may face successive prosecutions "for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not."  Commonwealth v. Valliere, 437 Mass. 366, 371 (2002), citing Morey, 108 Mass. at 434.  This means that a defendant facing successive prosecutions must show either that the new charge has the same elements as the first charge, or that one of the charged crimes is a lesser included offense of the other.  The defendant argues that, in applying the same elements test, we have historically examined whether the acts underlying both offenses "are so closely related [in fact] as to constitute in substance [but] a single crime."  Commonwealth v. Vick, 454 Mass. 418, 433 (2009).  We have done so, however, only where one of the crimes was a lesser included offense of the other, or where multiple counts of the same charge were brought together.  See id. at 435, and cases cited.  If a defendant cannot meet his burden under the same elements test, the underlying facts are irrelevant.

ii.  Same conduct test.  The same conduct test considers what conduct the government would prove at trial, and would "bar[] a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for

which the defendant has already been prosecuted." Grady, 495 U.S. at 510. The defendant argues that we should apply the same conduct test to mitigate the uncertainty and expense that defendants experience when facing successive prosecutions.

Although the United States Supreme Court briefly adopted the same conduct test in successive prosecutions in Grady, the Court quickly reversed course, expressly overruling Grady three years later in United States v. Dixon, 509 U.S. 688, 697, 704 (1993). There, the Court held that the Federal Constitution requires application only of the same elements test in both single and successive prosecutions. Id. at 710-712. By arguing that we should apply the same conduct test in the case of successive prosecutions, the defendant asks us to provide a higher level of protection than is required by the United States Constitution. Although State common law and statutory law may provide greater protection against double jeopardy, Commonwealth v. Carlino, 449 Mass. at 79 n.20, as a general matter, "we have long recognized a protection against double jeopardy that is coextensive with Federal protection." MacLean v. State Bd. of Retirement, 432 Mass. 339, 350 n.14 (2000).

We decline to go further here. Since the early Nineteenth Century, we have held that a prior acquittal does not bar a subsequent prosecution unless the two charges are legally the same offense. Roby, 12 Pick. at 504 (no double jeopardy where

offenses are "perfectly distinct in point of law, however nearly they may be connected in fact").  See Commonwealth v. Johnson, 406 Mass. 533, 536 (1990) (adhering to same elements test months before Grady was decided).  We deviated from this tradition in deference to Grady, which was subsequently overruled.[8]  See Woods, 414 Mass. at 346 (applying Grady test before Dixon was decided).  Since Dixon, we have again rejected the same conduct test in the context of a single prosecution.  See Vick, 454 Mass. at 433-434.  By urging us to differentiate between single and successive prosecutions, the defendant would have us overturn long-standing precedent:  Morey, the seminal case articulating the same elements test, involved successive prosecutions (albeit prosecutions in the same term of the court).  See Morey, 108 Mass. at 434.  See also Commonwealth v. Gallant, 65 Mass. App. Ct. 409, 414-415 (2006) ("it is difficult to see how . . . a conduct-based test could ever possibly mesh with the Morey standard").

---

[8] The cases to which the defendant cites do not change this tradition, as those cases did not decide to apply any test other than the same elements test, but only noted that defendants in successive prosecutions may require additional protection.  We discuss this in more detail in part 3, infra, in the section on equitable protections.  See, e.g., Commonwealth v. Crocker, 384 Mass. 353, 359 n.7 (1981) ("Determining whether such cases involve reprosecution for the 'same offense' may require consideration of the actual facts developed at trial in support of the charge tried first" [emphasis added]).

We are also guided by the historical adherence to the same elements test, which best balances protection of the defendant with other considerations:  due process and fairness, prosecutorial discretion, a desire to allow for severance of defendants and offenses into separate trials, and respect for the dignity of multiple victims of criminal behavior.  See Ashe v. Swenson, 397 U.S. 436, 468-469 (1970) (Burger, C.J., dissenting on other grounds); Commonwealth v. Gallarelli, 372 Mass. 573, 578 (1977).  Thus, the same elements test remains the only appropriate analysis, in both single and successive prosecutions.

b.  Application of the same elements test.  To prove larceny, the Commonwealth must show that (1) the defendant took and carried away property; (2) the property was owned or possessed by someone other than the defendant; and (3) the defendant did so with the intent to deprive that person of the property permanently.  G. L. c. 266, § 30 (1) ("Whoever steals . . . the property of another . . . shall be guilty of larceny . . .").  See Commonwealth v. Donovan, 395 Mass. 20, 25-26 (1985).  Receipt of stolen property requires that (1) the property in question was stolen; (2) the defendant knew that the property had been stolen; and (3) the defendant received or aided in the concealment of the stolen property.  G. L. c. 266, § 60 ("Whoever buys, receives or aids in the concealment of

stolen . . . property, knowing it to have been stolen . . . shall be punished . . ."). See Commonwealth v. Donahue, 369 Mass. 943, 949, cert. denied, 429 U.S. 833 (1976). Larceny thus requires that the defendant be the thief, whereas receipt "requires that the property already be stolen at the time of receipt." Corcoran, 69 Mass. App. Ct. at 127 n.6. As a result, the offenses are not identical, and neither is a lesser included offense of the other. Instead, any intuitive connection between larceny and receipt arises because they have a principal-accessory relationship. See Commonwealth v. Finn, 108 Mass. 466, 468 (1871) ("The offence of receiving stolen goods is accessory, only, to the principal offence of larceny. The receiver is an accessory after the fact"). See also Commonwealth v. Berryman, 359 Mass. 127, 129 (1971) ("under our law one cannot be both a principal in a crime and an accessory after the fact to the same crime"); Commonwealth v. DiStasio, 297 Mass. 347, 357, cert. denied, 302 U.S. 683 and 302 U.S. 759 (1937) (principal and accessory offenses are distinct for double jeopardy purposes), citing Roby, 12 Pick. at 504. See generally Commonwealth v. Nascimento, 421 Mass. 677, 683 (1996) (defendant may be charged with both larceny and receipt, but logically may not be convicted of both offenses). Because larceny and receipt are not the same offense for double jeopardy purposes, dismissal

of the larceny complaint on double jeopardy grounds is not warranted.

3. <u>Equitable protections</u>.  Successive prosecutions raise concerns not present in single prosecutions.  See <u>Dixon</u>, 509 U.S. at 724 (White, J., concurring in part and dissenting in part) ("To subject an individual to repeated prosecutions exposes him to embarrassment, expense and ordeal, . . . violates principles of finality, . . . and increases the risk of a mistaken conviction" [citations omitted]).  Despite these concerns, "[i]t is quite central to a prosecutor's necessary discretion that he retain the prerogative, after obtaining a first set of indictments, to initiate additional prosecutions for separate and distinct crimes."  <u>Johnson</u>, 406 Mass. at 538-539.  See E.B. Cypher, Criminal Practice and Procedure § 25:56 (4th ed. 2014) ("there is no statutory or constitutional right on the part of any person to be charged simultaneously, either by complaint or indictment, with all the offenses of which the police or prosecution might then be aware and which might have been committed in the course of a single act").

Defendants facing successive prosecutions have three additional sources of protection aside from the bar against double jeopardy:  due process protection (against prosecutorial overreach), collateral estoppel, and judicial estoppel.  Given

the procedural background that preceded the larceny complaint, these factors are not present here.

a. Due process. Due process concerns would arise when a defendant could show prosecutorial vindictiveness or retaliation. See Commonwealth v. Gonzalez, 388 Mass. 865, 870 n.9 (1983) (same elements test is constitutionally sufficient "unless successive prosecutions are used to harass the defendant"). A defendant has a heavy burden to demonstrate that there was prosecutorial vindictiveness: there must be a high likelihood of actual vindictiveness, and application of the doctrine must not "unduly undermine normal prosecutorial discretion" to bring charges in multiple prosecutions. Johnson, 406 Mass. at 537. Here, the Commonwealth brought the new charge after the trial judge (erroneously) dismissed the pending charge of receipt of stolen property. The Commonwealth initially applied for a single complaint charging both offenses, but failed because a key witness was unavailable to the police until the day of the trial. See Glawson v. Commonwealth, 445 Mass. 1019, 1021 (2005, cert. denied, 547 U.S. 1118 (2006) (noting that Commonwealth sought to consolidate issues). As the second complaint was not the result of prosecutorial vindictiveness, due process concerns are inapplicable here.

b. Collateral estoppel. Collateral estoppel, also known as issue preclusion, is another possible form of protection for

defendants who face successive prosecutions.  See generally Yeager v. United States, 557 U.S. 110, 119 n.4 (2009).  The doctrine bars relitigation of an issue where the defendant can show that "there is (1) a common factual issue; (2) a prior determination of that issue in litigation between the same parties; and (3) a showing that the determination was in favor of the party seeking to raise the estoppel bar" (footnotes omitted).  Krochta v. Commonwealth, 429 Mass. 711, 715-716 (1999).  See Kimbroughtillery v. Commonwealth, 471 Mass. 507, 510-512 (2015) (principles of collateral estoppel barred successive probation revocation proceedings).

In applying the doctrine, courts recognize that even where the offenses charged in successive prosecutions do not rise to the level of double jeopardy, relitigation of issues that are common to both cases may harm the defendant.  See Brown v. Ohio, 432 U.S. 161, 166 n.6 (1977); Commonwealth v. Scala, 380 Mass. 500, 505 (1980).  In this case, when the trial judge directed the verdict of acquittal, he made a determination (erroneously) only on the issue of receipt -- which is not an element of larceny and thus not a common factual issue.  Collateral estoppel does not apply.

c.  Judicial estoppel.  The final doctrine potentially available to a defendant in the case of successive prosecutions is judicial estoppel, which "prevent[s] the manipulation of the

judicial process by litigants" (citation omitted). Commonwealth v. DiBenedetto, 458 Mass. 657, 671 (2011), S.C., 475 Mass. 429 (2016). As an equitable doctrine, judicial estoppel may be appropriate where "a party has adopted one position, secured a favorable decision, and then taken a contradictory position in search of legal advantage." Otis v. Arbella Mut. Ins. Co., 443 Mass. 634, 641 (2005), quoting InterGen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003). For example, where the Commonwealth has already secured a conviction against a defendant, it may not bring a new charge positing a different theory of the same underlying act. Commonwealth v. Gardner, 67 Mass. App. Ct. 744, 747-748 (2006) (conviction constituted favorable decision for Commonwealth). In the instant case, however, the defendant was effectively acquitted of the charge of receipt. As the trial judge expressly rejected the Commonwealth's position with respect to receipt, judicial estoppel does not preclude the complaint for larceny.

Conclusion. Because the charges alleged in the two complaints were not the same offense and other equitable concerns do not weigh in favor of dismissal, we reverse the allowance of the defendant's motion to dismiss on the ground of double jeopardy.

So ordered.